IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| WHITMAN-WALKER CLINIC, Inc., *et al.*,<br><br>*Plaintiffs*,<br><br>v.<br><br>U.S. DEPARTMENT OF HEALTH AND HUMAN SERVICES, *et al.*,<br><br>*Defendants*. | Case No. 1:20-cv-01630 (JEB) |

**CONSENT MOTION OF AARP, AARP FOUNDATION, AND SAGE FOR LEAVE TO FILE AMICI CURIAE BRIEF IN SUPPORT OF PLAINTIFFS' MOTION FOR PRELIMINARY INJUNCTION OR, IN THE ALTERNATIVE, A STAY PENDING JUDICIAL REVIEW PURSUANT TO 5 U.S.C. § 705**

AARP, AARP Foundation, and SAGE seek leave of this Court, pursuant to District Court of the District of Columbia Local Civil Rule 7(o), to file an amici curiae brief in support of Plaintiffs' Motion for Preliminary Injunction or, in the Alternative, A Stay Pending Judicial Review Pursuant to 5 U.S.C. § 705. Amici submitted the proposed brief for filing along with this Motion. Counsel for Plaintiffs and counsel for Defendants have consented to our participation as amici in this matter.

In support of this Motion, Amici declare:

1. AARP is the nation's largest nonprofit, nonpartisan organization dedicated to empowering Americans 50 and older to choose how they live as they age. With nearly 38 million members and offices in every state, the District of Columbia, Puerto Rico, and the U.S. Virgin Islands, AARP works to strengthen communities and advocate for what matters most to

families, with a focus on health security, financial stability, and personal fulfillment. AARP's charitable affiliate, AARP Foundation, works to end senior poverty by helping vulnerable older adults build economic opportunity and social connectedness. Approximately 900,000 AARP members self-identify as lesbian, gay, bisexual, and transgender ("LGBT"), one of the largest constituencies in any U.S. organization with a membership. AARP has translated its materials into many languages. Among other things, AARP and AARP Foundation fight for access to quality healthcare across the country and frequently appear as friends of the court on issues affecting older Americans, including challenges to the Patient Protection and Affordable Care Act ("ACA"). *See, e.g.,* Brief of AARP, *Texas et al. v. California, et al.*, Nos. 19-840 & 19-1019 (May 13, 2020).

2. SAGE is the country's oldest and largest organization dedicated to improving the lives of lesbian, gay, bisexual, and transgender ("LGBT") older people. In conjunction with 30 affiliated organizations in 22 states and Puerto Rico, SAGE offers supportive services and resources to LGBT older people and their caregivers, advocates for public policy changes that address the needs of LGBT older people, and provides training for organizations that serve LGBT older people. As part of its mission, SAGE provides services to LGBT older people who face discrimination when they seek access to health care. Given its extensive work with LGBT elders, SAGE is uniquely positioned to address the severe adverse effects that would result if the Court denies Plaintiffs' motion.

3. Amici have an interest in the case because U.S. Department of Health and Human Services' June 2020 Rule on Section 1557 of the ACA[1] (Revised Rule) undermines the law's

---

[1] Nondiscrimination in Health and Health Education Programs or Activities, Delegation of Authority, 85 Fed. Reg. 37,160 (June 19, 2020) (Revised Rule)

antidiscrimination mandate. The Court's ruling will have a nationwide impact on whether older LGBTQ adults and older adults with LEP will have access to healthcare services and insurance. As organizations that focus on the interests of older Americans, Amici have a particular interest in how this rule will harm older adults.

4. This Court has wide discretion in deciding whether to grant leave to file an amicus curiae brief. *Nat'l Ass'n of Home Builders v. U.S. Army Corps of Eng'rs,* 519 F. Supp. 2d 89, 93 (D.D.C. 2007). Amicus curiae briefs have been permitted where "the brief will assist the judges by presenting ideas, arguments, theories, insights, facts, or data that are not to be found in the parties' briefs." *In the Matter of the Search of Information Associations with [redacted]@mac.com that is Stored at the Premises Controlled by Apple, Inc.*, 13 F. Supp. 3d 157, 167 (D.D.C. 2014) (citing *Voices for Choices v. Illinois Bell Tel. Co.,* 339 F.3d 542, 545 (7th Cir. 2003)).

5. Courts consider several factors when deciding whether or not to permit the filing of an amicus curiae brief, and have permitted such filings in a wide variety of situations, including when "a party is not represented competently or is not represented at all, when the amicus has an interest in some other case that may be affected by the decision in the present case," or in cases where "the amicus has unique information or perspective that can help the court beyond the help that the lawyers for the parties are able to provide." *Jin v. Ministry of State Sec'y*, 557 F. Supp. 2d 131, 137 (D.D.C. 2008) (internal quotes omitted).

6. Because of their expertise, Amici are uniquely positioned to provide information that goes beyond Plaintiffs' briefing about how this rule will harm older LGBTQ adults and older adults with limited English proficiency. Amici will present the Court with a wealth of information about the discrimination that these groups experience when they seek health care,

how implementing the Revised Rule will jeopardize their access to care, and why a preliminary injunction is warranted to ensure they have access to health care during the pandemic.

7. The brief Amici seek leave to file is relevant to the disposition of this case. It describes the particular irreparable harm that older LGBTQ adults and older adults with LEP will face if the Court does not enjoin the Revised Rule. It also provides important context about life-threatening consequences of discrimination in health care and how enjoining implementation of the rule is in the public interest, especially during a pandemic.

8. Amici believe that this amicus curiae brief will be desirable because it will bring to the Court pertinent information about how the Court's ruling will impact millions of older LGBTQ adults and older adults with LEP.

9. Accordingly, Amici respectfully request leave to file their brief amici curiae in support of Plaintiffs' Motion for Preliminary Injunction to facilitate the full consideration by the Court of the legal and public policy issues presented in this case.

Dated: July 15, 2020               Respectfully Submitted,

*/s/ Kelly Bagby*
Kelly Bagby (D.C. Bar # 462390)*
Meryl Grenadier (D.C. Bar # 1024111)
Maame Gyamfi (D.C. Bar # 462842)
AARP Foundation Litigation
601 E Street NW
Washington, DC 20049
T: (202) 434-2060
kbagby@aarp.org
mgrenadier@aarp.org
mgyamfi@aarp.org
**Counsel of Record*

*Counsel for Amici*

## CERTIFICATE OF SERVICE

     I hereby certify that on July 15, 2020, I caused the foregoing Consent Motion for Leave to be served on counsel of record by electronically filing with the Clerk of Court using the Court's CM/ECF system. I certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the CM/ECF system.

<u>/s/ Kelly Bagby</u>
Kelly Bagby (D.C. Bar # 462390)
AARP FOUNDATION
601 E Street, NW
Washington, DC 20049
T: (202) 434-2103
kbagby@aarp.org

*Counsel for Amici Curiae*