**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| WHITMAN-WALKER CLINIC, INC., *et al.*, | |
| *Plaintiffs*, | |
| v. | Case No. 1:20-cv-01630 (JEB) |
| U.S. DEPARTMENT OF HEALTH AND HUMAN SERVICES, *et al.*, | |
| *Defendants*. | |

**PLAINTIFFS' MOTION TO COMPEL DEFENDANTS TO PRODUCE THE
ADMINISTRATIVE RECORD, TO HOLD IN ABEYANCE DEFENDANTS'
PARTIAL MOTION TO DISMISS, AND TO SET A CONSOLIDATED SCHEDULE
FOR FILING AND BRIEFING MOTIONS TO DISMISS AND/OR MOTIONS FOR
SUMMARY JUDGMENT**

Plaintiffs, through undersigned counsel, hereby move the Court for an order that (i) compels Defendants to produce the administrative record in accordance with Local Civil Rule 7(n); (ii) holds Defendants' September 29, 2020 partial motion to dismiss in abeyance or dismisses the motion without prejudice; and (iii) sets a consolidated schedule for filing and briefing motions to dismiss and/or cross-motions for summary judgment after Defendants complete production of the administrative record and Plaintiffs have an adequate opportunity to review. Alternatively, if the Court declines to hold Defendants' partial motion to dismiss in abeyance or to dismiss the motion without prejudice, Plaintiffs respectfully request that their response to Defendants' partial motion to dismiss be due 45 days from the date the Court decides this motion.

Defendants filed a partial motion to dismiss on September 29, 2020 that implicates and largely relies upon the agency's decision-making contained within the administrative record, yet

they failed to file a certified list of the contents of the administrative record, as required under Local Civil Rule 7(n), and have refused to produce the administrative record.

Pursuant to Local Civil Rule 7(m), prior to filing this motion, counsel for Plaintiffs conferred with Defendants' counsel in a good faith effort to resolve this issue without Court intervention.  (*See* Declaration of Omar Gonzalez-Pagan ("Decl.") ¶¶ 16-19 & Ex. 4.)  On October 2, 2020, counsel for Defendants confirmed that Defendants do not intend to produce the administrative record.  (Decl. Ex. 4 at 1.)

## INTRODUCTION

Plaintiffs have made repeated, good faith efforts to reach an agreement with Defendants on production of the administrative record since Plaintiffs filed their Complaint on June 22, 2020. The record should have been and usually is produced as a matter of course in Administrative Procedure Act ("APA") cases.  Plaintiffs also have sought a joint briefing schedule that would allow for the orderly resolution of the issues in their Complaint.  Defendants repeatedly have refused to agree to any schedule.  And now, Defendants unilaterally have decided that they do not need to produce the administrative record, even though Plaintiffs have challenged the provisions in the Revised Rule as arbitrary and capricious under the APA and Defendants' motion to dismiss relies on the purported rationale and decision-making process of Defendant U.S. Department of Health and Human Services ("HHS") to defend the rulemaking.

Local Civil Rule 7(n) *requires* a defendant to file a certified list of the contents of the administrative record simultaneously with the filing of a dispositive motion unless the Court orders otherwise.  Local Civil Rule 7(n) also contemplates the timely production of the administrative record so that the parties can rely on the record in support or opposition of any dispositive motion and submit relevant portions to the Court.  Courts in this District have recognized the particular

importance of production of the administrative record in cases where, as here, a party challenges agency action as arbitrary and capricious.  An agency cannot withhold the very record needed to make that determination.

Defendants should not be allowed to hide behind procedural maneuvers to avoid their basic obligation to produce the administrative record while moving to dismiss Plaintiffs' Complaint on grounds that implicate the administrative record.  For instance, Defendants' ripeness arguments in their motion to dismiss rely on the preamble to the Revised Rule and HHS's decision-making process in eliminating the definition of "on the basis of sex" and other changes to the 2016 Final Rule.  And Defendants repeatedly point to HHS's purported rationales and decision-making process underlying the Revised Rule in claiming that Plaintiffs have failed to state a claim under the APA that HHS acted arbitrarily and capriciously in promulgating the Revised Rule.  Plaintiffs cannot counter these arguments and the Court cannot evaluate properly Plaintiffs' claims without the administrative record.  The Court has the authority to compel production of the administrative record under Local Civil Rule 7(n).  Plaintiffs respectfully request that it do so here in the interests of fairness and justice.

To promote judicial economy and efficiency, Plaintiffs also request that the Court hold Defendants' motion to dismiss in abeyance or dismiss it without prejudice and set a consolidated briefing schedule for motions that allows Plaintiffs sufficient time to review the administrative record.  This will avoid piecemeal resolution of the issues and properly defer consideration of whether Defendants acted arbitrarily and capriciously until *both parties* – not only Defendants – have had an adequate opportunity to review the record that informed HHS's action.

Defendants will suffer no prejudice if they are required to turn over the record now and the parties proceed to brief cross-motions with the benefit of that record.  First, Defendants concede

that several of Plaintiffs' claims will continue even after adjudication of Defendants' partial motion to dismiss.  (*See* ECF No. 57-1 at 2.)  Given that Defendants have not sought dismissal of the entire Complaint, they eventually will have to produce the record.  Second, Defendants already have been ordered to produce the administrative record regarding the Revised Rule by October 16, 2020 in a different case.  *See* Order Regulating Motion Practice and Record Procedures, *New York v. United States Dep't of Health & Human Servs.*, No. 1:20-cv-05583-AKH (S.D.N.Y. Sept. 22, 2020) (ECF No. 93), attached as Exhibit 6 to the Declaration of Omar Gonzalez-Pagan.

There is no reasonable explanation for Defendants' continued refusal to produce the administrative record in this case.

## RELEVANT PROCEDURAL BACKGROUND

Plaintiffs briefly summarize those aspects of the procedural history of the challenged rulemaking and this litigation relevant to their attempts to obtain the administrative record without Court intervention and Plaintiffs' need for the record to support their claims.[1]

On June 19, 2020, HHS published a Rule in the Federal Register rolling back numerous anti-discrimination provisions in an Obama-era rule (the "2016 Final Rule") that implemented Section 1557 of the Affordable Care Act, 42 U.S.C. § 18116(a).  *See* Nondiscrimination in Health and Health Education Programs or Activities, Delegation of Authority, 85 Fed. Reg. 37,160 (June 19, 2020) (to be codified at 42 C.F.R. pts. 438, 440, & 460 and 45 C.F.R. pts. 86, 92, 147, 155, & 156) (the "Revised Rule").  On June 22, 2020, Plaintiffs filed a Complaint alleging, among other things, that HHS had acted arbitrarily and capriciously in violation of the APA by repealing aspects of the 2016 Final Rule based on the government's failed litigation position in *Bostock v. Clayton*

---

[1] The procedural history of the challenged rulemaking and this litigation is set out in detail in the Court's Memorandum Opinion, dated September 2, 2020.  (*See* ECF No. 56 at 9-14.)

*County*, 140 S. Ct. 1731 (2020), and incorporating Title IX's religious exemption into the Revised Rule when the statute has no such religious exemption and HHS had previously determined that Title IX's religious exemption was not appropriate in the health care context.

On July 7, 2020 – before moving for preliminary relief – Plaintiffs reached out to the government to inquire whether Defendants would agree to delay the effective date of the Revised Rule, produce the administrative record, and set an expedited schedule for filing cross-motions for summary judgment in lieu of Plaintiffs moving for a preliminary injunction.  (*See* Decl. ¶ 5 & Ex. 1.)  Defendants took the request under advisement.

Because the Revised Rule was to go into effect on August 18, 2020, Plaintiffs informed Defendants on July 8, 2020 that they would need to move forward with their motion so that it could be briefed fully prior to the effective date.  Plaintiffs reiterated, however, that they would be willing to hold the motion in abeyance or convert the motion into a motion for summary judgment if HHS later agreed to their proposal. (Decl. Ex. 1 at 2-3.)  After Plaintiffs filed their motion, they followed up again with Defendants about the possibility of postponing the effective date of the Revised Rule and an agreement on a consolidated briefing schedule in lieu of adjudication of the motion for preliminary injunction.  (*Id.* at 2.)  On July 17, 2020, Defendants informed Plaintiffs that HHS would not agree to stay the effective date of the Revised Rule.  (*Id.* at 1.)

On July 29, 2020 – shortly before the hearing on Plaintiffs' motion – Plaintiffs again approached Defendants with a proposal to expedite production of the administrative record by aligning production in this case with the schedule for production of the record in other pending actions challenging the Revised Rule.  (Decl. Ex. 2.)  Plaintiffs discussed this proposal with Defendants by telephone on August 6, 2020.  (Decl. ¶ 11.)  Defendants said they would consider the proposal, but they never responded to Plaintiffs.  (*Id.*)

After Plaintiffs' motion for preliminary injunction was fully briefed and heard by the Court, on August 21, 2020 – four days before Defendants' August 25, 2020 deadline to respond to the Complaint – Defendants approached Plaintiffs to request an extension of their response date to allow them to review the Court's forthcoming order on the Plaintiffs' motion before responding. (Decl. Ex. 3.)  Plaintiffs responded by email and later reiterated during a call that any extension would need to be tied to an agreement to produce the administrative record within a reasonable time.  (Decl. ¶ 12 & Ex. 3.)  Plaintiffs proposed that Defendants produce the administrative record on September 18, 2020, the date it was due in the related action, *Washington v. United States Dep't of Health & Human Servs.*, No. 1:20-cv-01105 (W.D. Wash. July 16, 2020).  (Decl. ¶ 13.)  (*See also* Plaintiffs' Resp. to Defs.' Motion for Extension of Time (ECF No. 52) at 2.)

Defendants rejected Plaintiffs' proposal and on August 21, 2020, they filed a motion to extend their time to respond to the Complaint to twenty-one days after the Court decided the motion for preliminary relief.  (ECF No. 51 at 1.)  In seeking the extension, Defendants asserted that they "have been busy drafting briefs in this and related cases" and "have not had sufficient time to work on their response to plaintiffs' complaint."  Defendants also explained their response may be affected by the Court's ruling on the pending motion for preliminary relief.  (*Id.*)

Plaintiffs responded to Defendants' motion for an extension on August 25, 2020, explaining they opposed any extension that did not include a firm date for Defendants to produce the administrative record, as Local Civil Rule 7(n)(1) ties this obligation to the filing of a responsive pleading.  (ECF No. 52. at 1.)  Plaintiffs explained it was critical to begin review of the administrative record as soon as possible, particularly because the challenged Revised Rule became effective on August 18, 2020.  (*See id.*)

On September 2, 2020, the Court granted Plaintiffs' pending motion for preliminary injunction in part and enjoined Defendants from enforcing their repeal of the 2016 Final Rule's definition of "on the basis of sex" as it pertained to "sex stereotyping" and the Revised Rule's incorporation of Title IX's religious exemption. (*See* ECF No. 55.)  In a 101-page Memorandum Opinion, the Court explained that Plaintiffs are likely to succeed on their claims that HHS acted arbitrarily and capriciously in eliminating "sex stereotyping" from the 2016 Final Rule's definition of "on the basis of sex" (*see* ECF No. 56 at 51-61), and HHS acted arbitrarily and capriciously in incorporating Title IX's religious exemption into Section 1557's non-discrimination scheme (*id.* at 62-67).  The Court thereafter entered a minute order extending Defendants' deadline to respond to the Complaint until September 29, 2020.

On September 29, 2020, Defendants filed a partial motion to dismiss.  Defendants' motion challenges Plaintiffs' standing to assert certain claims and also raises new arguments about "ripeness."  Defendants also contend Plaintiffs have failed to state a claim upon which relief may be granted because "HHS's reasoned explanation for the policy changes contained in the 2020 Rule within its authority more than adhered to the standards for reasoned decisionmaking required by the Administrative Procedure Act."  (ECF No. 57-1 at 1.)

Because Defendants did not file a certified list of the contents of the administrative record simultaneously with the filing of their motion, as Local Civil Rule 7(n)(1) requires, and they did not move to be relieved from the requirements of the rule, on September 30, 2020, Plaintiffs reached out to Defendants to inquire when they expected to produce the administrative record and the certified list of its contents.  (Decl. Ex. 4 at 2-3.)  Defendants responded the same day, stating that the "government does not believe Local Rule 7(n)(1) requires it to produce and file a certified list of the contents of the administrative record at this time, before the government has filed an

answer or moved for summary judgment." (*Id.* at 2.)  Defendants suggested their motion did not implicate the contents of the administrative record and, therefore, they did not need to produce it. (*Id.*)

Plaintiffs reached out again to Defendants on October 1, 2020, explaining why Defendants lacked a sufficient legal basis to withhold the record and informing them that Plaintiffs would move to compel if Defendants did not agree to produce the record.  (*Id.* at 1.)  On October 2, 2020, Defendants reiterated that "the government does not intend to produce the [administrative record] at this time."  (*Id.*).

Defendants have not filed a motion for relief from Local Civil Rule 7(n).

## ARGUMENT

## I.  DEFENDANTS SHOULD BE ORDERED TO PRODUCE THE ADMINISTRATIVE RECORD BECAUSE THEIR MOTION TO DISMISS CANNOT BE RESOLVED PROPERLY WITHOUT REFERENCE TO THE RECORD

Local Civil Rule 7(n) is explicit.  In cases "involving the judicial review of administrative agency actions [under the Administrative Procedure Act ("APA")], ***unless otherwise ordered by the Court***, the agency must file a certified list of the contents of the administrative record with the Court ***within 30 days following service of the answer to the complaint or simultaneously with the filing of a dispositive motion***."  L. Civ. R. 7(n)(1) (emphasis added).  Local Civil Rule 7(n)(1) further provides that "[t]hereafter, counsel shall provide the Court with an appendix containing copies of those portions of the administrative record that are cited or otherwise relied upon in any memorandum in support of ***or in opposition to any dispositive motion***."  *Id.* (emphasis added). The rule thus contemplates that the agency will produce the administrative record in a timely fashion so that the opposing party may rely on it in opposing the motion, regardless of whether the agency relied on the record in its motion.

8

Defendants have flouted the clear mandate of Local Civil Rule 7(n).  Defendants filed a motion to dismiss, which unquestionably is a dispositive motion.  *See, e.g.*, *Dorsey v. Enter. Leasing*, 78 F. Supp. 3d 245, 246 (D.D.C. 2015) (a "motion to dismiss is a dispositive motion").  Yet, Defendants failed to file a certified list of the contents of the administrative record *simultaneously* with the filing of their motion, as required under Local Civil Rule 7(n)(1), and they refuse to produce the administrative record.

Local Civil Rule 7(n) requires a court order to be relieved from the obligations that it imposes.  Indeed, in the principal case upon which Defendants rely in support of their refusal to produce the administrative record – *Connecticut v. United States Dep't of the Interior*, 344 F. Supp. 3d 279, 294 at n.11 (D.D.C. 2018) – the government moved to waive compliance with the Local Civil Rule.  (*See* Decl. Ex. 4 at 2.)  But Defendants did not file a motion.  Instead, they determined unilaterally that they are not obligated to produce the administrative record to Plaintiffs.

Defendants suggest their position is consistent with the approach the government has taken in other cases in this District.  (*See* Decl. Ex. 4 at 2.)  In other cases before this Court, however, HHS has agreed to produce the administrative record prior to dispositive motion practice.  *See, e.g.*, *Gresham v. Azar*, No. 18-cv-1900-JEB (D.D.C. Sept. 27, 2018)  (ECF No. 23) (joint briefing schedule proposing deadlines for production of the administrative record and motions for summary judgment in lieu of an answer); *Stewart v. Azar*, No. 18-cv-152-JEB (D.D.C. Mar. 8, 2018) (ECF No. 27) (joint motion to set briefing schedule for motions for preliminary relief and motions to dismiss or for summary judgment, stating that the government "has acceded to Plaintiffs' request to expedite the certification of the administrative record" and has produced the record to plaintiffs).

Defendants also claim that the administrative record needs to be produced only when a motion to dismiss "implicates the contents of the administrative record."  (Decl. Ex. 4 at 2.)

Defendants suggest, without stating directly, that their motion to dismiss does not implicate the contents of administrative record.  (*Id.*)  But the record demonstrates otherwise.

Plaintiffs recognize that in some circumstances, a motion to dismiss may raise purely legal issues that can be resolved without reference to the administrative record.  *See, e.g.*, *Vargus v. McHugh*, 87 F. Supp. 3d 298, 301 (D.D.C. 2015); *Zemeka v. Holder*, 963 F. Supp. 2d 22 (D.D.C. 2013).  In such cases, judicial economy may favor permitting the agency to delay producing the administrative record, as a ruling in its favor would obviate the need to make such a production.

But this is not such a case.  Defendants' motion to dismiss directly implicates the administrative record.  First, despite stating that they are not seeking dismissal of Plaintiffs' challenge to HHS's decision to eliminate the definition of "on the basis of sex" (ECF No. 57-1 at 1-2), Defendants nevertheless argue Plaintiffs' challenge is not ripe because "the 2020 Rule merely replaces the 2016 Rule's explicit definition of 'on the basis of sex' by hewing to the text of Section 1557," and "in the preamble to the 2020 Rule, HHS recognized that, 'to the extent a Supreme Court decision is applicable in interpreting the meaning of a statutory term, the elimination of a regulatory definition of such term would not preclude application of the Court's construction.'" (*Id.* at 10 (quoting 85 Fed. Reg. at 37, 168).)

As the Court recognized in ruling on Plaintiffs' motion for preliminary injunction, Defendants' insistence that the Revised Rule merely "regurgitates the plain, unobjectionable text of Section 1557" is beside the point.  (ECF No. 56 at 60.)  Plaintiffs' challenge to Defendants' elimination of the definition of "on the basis of sex" is based on the agency's change in position and its decision to repeal a prior regulatory position.  Under such circumstances, the agency is required to provide a reasoned analysis and a satisfactory explanation for the change.  (*Id.* at 60-61.)  The Court thus "must assess the reasonableness of the agency's explanation for <u>why</u> it made

the change" and is obligated to "'examin[e] the reasons' underlying HHS's action." (*Id.* at 61 (quoting *Judulang v. Holder*, 565 U.S. 42, 53 (2011).) To do so, both Plaintiffs and the Court need the administrative record.

Second, Defendants ask the Court to find, *as a matter of law*, that HHS did not act arbitrarily and capriciously. (*See, e.g.*, ECF No. 57-1 at 16-17, 21, 24.) For example, HHS argues that its decision to eliminate the prohibition on categorical coverage exclusions in the Revised Rule was not arbitrary and capricious. (*Id.* at 16-17.) HHS claims it "consulted scientific studies, government reviews, and comments from a host of medical professionals regarding treatment for gender dysphoria," and that it "reasonably determined that 'the medical community is divided on many issues related to gender identity, including the value of various gender-affirming treatments for gender dysphoria (especially for minors).'" (*Id.* at 17 (quoting *Whitman-Walker Clinic, Inc. v. United States Dep't of Health & Human Servs.*, No. 1:20-cv-01630-JEB, 2020 WL 5232076, at *29 (D.D.C. Sept. 2, 2020) (citing 85 Fed. Reg. at 37,187, 37,196-98)).) Likewise, with respect to the elimination of the notice requirements and access to language protections, HHS contends it "provided an array of reasons for its change in position," including its determination "that the costs and burdens imposed by the notice and tagline requirements were 'substantially larger than originally anticipated.'" (*Id.* (quoting *Whitman-Walker*, 2020 WL 5232076, at *32 (quoting 84 Fed. Reg. at 27, 587)).)

These are precisely the types of arguments that require the administrative record to resolve. It is well established that "when courts must determine whether the adjudicatory process was reasonable and whether the decision was consistent with Congressional intent[,] they must look to the administrative record." *Vargus*, 87 F. Supp. 3d at 301 (internal quotations and citation omitted). The "function of the district court [in such cases] is to determine whether or not as a

matter of law the evidence in the administrative record permitted the agency to make the decision it did." *Zemeka*, 963 F. Supp. 2d at 24 (quoting *Cottage Health Sys. v. Sebelius*, 631 F. Supp 2d 80, 89-90 (D.D.C. 2009)).  In so doing, the court "should have before it neither more nor less information than did the agency when it made its decision." *Boswell Memorial Hosp. v. Heckler*, 749 F.2d 788, 792 (D.C. Cir. 1984).  "Without the administrative record, the court is unable to perform this function." *Swedish Am. Hosp. v. Sebelius*, 691 F. Supp. 2d 80, 88 (D.D.C. 2010). Courts in this District therefore regularly decline to address agencies' arguments that they complied with the APA without the benefit of the full administrative record.  *See Zemeka*, 963 F. Supp. 2d at 26; *Swedish Am. Hosp.*, 691 F. Supp. 2d at 89; *Vargus*, 87 F. Supp. 3d at 302-03; *Verastegui v. McAleenan*, No. 18-cv-2358-TJK, 2019 WL 2550385, at *2 (D.D.C. June 20, 2019); *see also District Hosp. Partners, L.P. v. Sebelius*, 794 F. Supp. 2d 162, 171-73 (D.D.C. 2011) (denying motion to dismiss in part because agency had not yet produced the administrative record); *Banner Health v. Sebelius*, 797 F. Supp. 2d 97, 113-14 (D.D.C. 2011) (same).

Without the administrative record, the Court cannot adequately evaluate whether HHS complied with the APA's procedural mandates based solely on what HHS chose to cite in the preamble to the Revised Rule.  And Plaintiffs are entitled to the full administrative record as well to develop their claims.  Where "one party might be unaware of some parts of the record, failure to produce the Record in its entirety would produce 'asymmetry in information [that] undermines the reliability of a court's review upon those portions of the record cited by one party or the other.'" *Vargus*, 87 F. Supp. 3d at 302 (quoting *Boswell Meml. Hosp.*, 749 F.2d at 793).  Among other things, to "review less than the full administrative record might allow a party to withhold evidence unfavorable to its case" *Id.* at 301 (internal citation and quotation marks omitted).

Experience also demonstrates that neither the public nor the courts can take *this* HHS at its word when it comes to its characterization of the administrative record or the justifications for its actions.  Recent challenges to HHS's promulgation of a different rule purporting to interpret and provide for the implementation of statutory provisions regarding the rights of conscience-based objectors in the health care arena – the "denial-of-care" cases – demonstrate the importance of producing the full administrative record.  In promulgating the rule, HHS cited "a significant increase" in complaints alleging violations of conscience provisions as demonstrating confusion and the need for agency action.  *New York v. United States Dep't of Health & Human Servs.*, 414 F. Supp. 3d 475, 541 (S.D.N.Y. 2019) (quoting 84 Fed. Reg. at 23, 175).  In the preamble to the rule, HHS specifically stated that there had been 34 such complaints between November 2016 and January 2018, and 343 such complaints during fiscal year 2018.  *Id.*  The administrative record, however, revealed that HHS's claim of a significant increase in such complaints was "demonstrably false."  *Id.*  Ultimately, HHS conceded that only approximately 20 complaints implicated any of the conscience provisions.  *Id.* at 542.  This conceded fact was "fatal to HHS's stated justifications for the Rule."  *Id.*  Defendants' representations concerning and justifications for the Revised Rule may be similarly flawed or misleading.  However, neither Plaintiffs nor the Court can test Defendants' assertions in the preamble to the Revised Rule without the full administrative record.

Plaintiffs are entitled to the full administrative record, and the Court cannot resolve Defendants' motion to dismiss properly without it.  Defendants should be ordered to produce promptly the full administrative record.

## II.    A CONSOLIDATED BRIEFING SCHEDULE FOR DISPOSITIVE MOTIONS IS WARRANTED

Because the administrative record is necessary to resolve Defendants' motion to dismiss, the Court should order production of the administrative record, hold Defendants' motion to dismiss in abeyance or deny it without prejudice, and set a consolidated briefing schedule for motions to dismiss and/or motions for summary judgment with appropriate citations to the record.

Summary judgment "is the proper mechanism for deciding, as a matter of law, whether an agency action is supported by the administrative record and consistent with the APA standard of review." *Zemeka*, 963 F. Supp. 2d at 24, 26 (internal quotation marks omitted). As courts have recognized, wading "into the details" of an agency's decision-making process on a motion to dismiss only "invites error." *Banner Health*, 797 F. Supp. 2d. at 114.

Substantial overlap exists between the legal issues to be decided on a motion to dismiss and a motion for summary judgment in APA cases such as this one. As Defendants informed the district court in a separate challenge to the Revised Rule, the Court should permit consolidated briefing on any motions to dismiss and motions for summary judgment "to reduce the duplicative briefing that would substantially overlap in those two separate sets of briefing." (*See* Decl. Ex. 5 at 7.) It is typical for courts to set forth a consolidated briefing schedule for dispositive motions *after* production of the administrative record. *See*, *e.g.*, *Gresham v. Azar*, No. 18-cv-1900-JEB (D.D.C. Sept. 27, 2018); *Stewart v. Azar*, No. 18-cv-152-JEB (D.D.C. Mar. 8, 2018); *New York v. United States Dep't of Health & Human Servs.*, No. 20-cv-5583-AKH (S.D.N.Y. Sept. 22, 2020).

Although Defendants also challenge Plaintiffs' standing to pursue a subset of their claims, judicial economy favors addressing Defendants' challenges to standing at the same time that it addresses Defendants' ripeness challenges and the merits of HHS's administrative action. As the Court's ruling on Plaintiffs' motion for preliminary relief indicates, these issues are substantially

14

intertwined and would benefit from joint adjudication rather than piecemeal rulings. *See Alliance for Envtl. Renewal, Inc. v. Pyramid Crossgates Co.*, 436 F.3d 82, 87-88 (2d Cir. 2006) (observing that district courts have discretion to determine the appropriate means to resolve standing challenges and may defer ruling until the merits stage); *Brady Campaign to Prevent Gun Violence v. Salazar*, 612 F. Supp. 2d 1, 29 n.18 (D.D.C. 2009) (declining to resolve the merits of Plaintiffs' claims in the context of standing, noting that where jurisdictional issues are inextricably intertwined with merits of the case, a court usually should defer until the merits are heard). In addition, even if Defendants were to prevail on their challenges to standing, a number of claims would survive for briefing on summary judgment. Addressing the standing issues first thus would not result in any appreciable gains in judicial efficiency.

III.   **IF THE COURT DENIES THIS MOTION, PLAINTIFFS REQUEST THAT THEIR RESPONSE TO DEFENDANTS' PARTIAL MOTION TO DISMISS BE DUE 45 DAYS FROM THE DATE THE COURT DECIDES THE MOTION**

If the Court declines to hold Defendants' partial motion to dismiss in abeyance or to dismiss the motion without prejudice, Plaintiffs respectfully request that their response to Defendants' partial motion to dismiss be due 45 days from the date the Court decides this motion. As the Court is aware, the Revised Rule is complex and multi-faceted, and Plaintiffs represent a broad coalition of LGBTQ health care providers, organizations, and service providers, all of whom are spending a significant amount of their resources to combat the COVID-19 pandemic while simultaneously fighting Defendants' efforts to diminish access to health care through the Revised Rule.

## CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request that the Court compel Defendants to produce the administrative record, hold Defendants' partial motion to dismiss in abeyance or dismiss the motion without prejudice, and order a consolidated briefing schedule for dispositive motions. Alternatively, if the Court declines to hold Defendants' partial motion to dismiss in

abeyance or to dismiss the motion without prejudice, Plaintiffs respectfully request that their response to Defendants' partial motion to dismiss be due 45 days from the date the Court decides this motion.

Dated:  October 6, 2020

LAMBDA LEGAL DEFENSE
AND EDUCATION FUND, INC.

By:  /s/ Omar Gonzalez-Pagan

OMAR GONZALEZ-PAGAN*
ogonzalez-pagan@lambdalegal.org
KAREN LOEWY*
kloewy@lambdalegal.org
CARL S. CHARLES*
ccharles@lambdalegal.org
LAMBDA LEGAL DEFENSE
AND EDUCATION FUND, INC.
120 Wall Street, 19th Floor
New York, NY  10005
Phone: (212) 809-8585
Fax:     (212) 809-0055

 * Admitted pro hac vice.

** Application for admission to U.S. District
Court for the District of Columbia forthcoming.

Respectfully submitted,

STEPTOE & JOHNSON LLP

By:  /s/ Laurie Edelstein

LAURA (LAURIE) J. EDELSTEIN*
ledelstein@steptoe.com
STEPTOE & JOHNSON LLP
One Market Plaza
Spear Tower, Suite 3900
San Francisco, CA  94105
Phone: (415) 365-6700
Fax:     (415) 365 6699

MICHAEL VATIS
(D.C. Bar No. 422141)
mvatis@steptoe.com
KHRISTOPH A. BECKER*
kbecker@steptoe.com
STEPTOE & JOHNSON LLP
1114 Avenue of the Americas
New York, NY  10036
Phone: (212) 506-3900
Fax:     (212) 506-3950

JOHANNA DENNEHY
(D.C. Bar No. 1008090)
jdennehy@steptoe.com
LAURA LANE-STEELE**
llanesteele@steptoe.com
STEPTOE & JOHNSON LLP
1330 Connecticut Avenue NW
Washington, DC  20036
Phone: (202) 429-3000
Fax:     (202) 429-3902

Counsel for Plaintiffs