**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

———————————————————————
                                                    )
WHITMAN-WALKER                      )
CLINIC, INC., *et al*.,                       )
                                                    )
          Plaintiffs,                          )
                                                    )
v.                                                  )          Case No. 1:20-cv-01630-JEB
                                                    )
U.S. DEPARTMENT OF HEALTH    )
AND HUMAN SERVICES, *et al*.,     )
                                                    )
          Defendants.                        )
———————————————————————)

**DEFENDANTS' OPPOSITION TO PLAINTIFFS'**
**MOTION TO COMPEL PRODUCTION OF THE ADMINISTRATIVE RECORD AND**
**TO HOLD IN ABEYANCE OR DISMISS DEFENDANTS' MOTION TO DISMISS**

Defendants U.S. Department of Health and Human Services ("HHS" or the "agency"), and

several of its officials (collectively, "Defendants"), have moved to dismiss this action, identifying

threshold jurisdictional grounds for dismissal under Rule 12(b)(1), as well as various purely legal

grounds to dismiss under Rule 12(b)(6).  Understandably reluctant to address the numerous

deficiencies apparent on the face of their pleading, Plaintiffs have now filed their own Motion (the

"Motion to Compel") asking the Court to halt further briefing on the motion to dismiss and not to

consider the arguments raised therein.  Instead, they urge the Court to skip ahead to summary

judgment proceedings based on an administrative record that has not yet even been compiled and

finalized for production.  Specifically, they ask the Court to: (1) compel Defendants to "produce"

the administrative record pertaining to the agency rule challenged in this case, (2) hold Defendants'

Motion to Dismiss in "abeyance," and (3) order "consolidated" briefing on motions to dismiss and

for summary judgment based on the administrative record.  This extraordinary request is justified,

they say, because Defendants failed to file a certified list of the contents of the administrative

record, purportedly in violation of Local Civil Rule 7(n).

1

Plaintiffs' motion is meritless and should be denied.  Contrary to Plaintiffs' suggestion, the local rule does not require the filing of a certified list where, as here, Defendants file a motion to dismiss that does not rely on the administrative record.  Courts in this District have repeatedly recognized as much, declining to require compliance with the rule in such circumstances.  The Court should also reject Plaintiffs' unsupported assertion that the administrative record is "necessary to resolve the motion to dismiss."  The motion to dismiss includes numerous threshold jurisdictional and prudential grounds for dismissal that undisputedly do not require review of the administrative record.  To the extent Defendants also seek dismissal of certain claims under Rule 12(b)(6), those arguments are likewise properly decided on the motion to dismiss.  And even if Plaintiffs were correct that some of Defendants' arguments require review of the administrative record, the proper course would be for the Court to "resolve" those arguments by simply declining to dismiss specific claims on those grounds.  Plaintiffs improperly ask the Court to go further, bypass review under Rule 12(b) altogether, and proceed directly to full-blown summary judgment proceedings on the administrative record.  This request should be rejected, as it has no sound basis in law or logic, and would violate well-settled jurisdictional constraints on the scope of this Court's judicial review.  Indeed, this Court already ruled in Defendants' favor on most of the arguments addressed in their motion to dismiss when it resolved Plaintiffs' motion for preliminary injunction.

Accordingly, Defendants respectfully submit that the Court should deny Plaintiffs' Motion to Compel, and order Plaintiffs to respond to Defendants' motion to dismiss.

## BACKGROUND

Plaintiffs in this case raise myriad challenges under the Administrative Procedure Act, 5 U.S.C. 706 ("APA"), to numerous provisions of a rule promulgated by the agency (the "2020 Rule").  The 2020 Rule implements Section 1557 of the Affordable Care Act, the statute's antidiscrimination provision, codified at 42 U.S.C. § 18116.  Plaintiffs' various challenges to the 2020 Rule were predicated both on the provisions of the 2020 Rule itself and on the agency's statements in the preamble to the rule, as published in the Federal Register.  *See generally* Compl., ECF No. 1 (June 22, 2020).

2

On July 9, 2020, relying only on their pleading and the Federal Register to support the merits of their claims, Plaintiffs sought a preliminary injunction.  *See* ECF No. 29.  On September 9, 2020, likewise relying only on Plaintiffs' pleading and matters of public record for its merits determinations, this Court issued an order granting in part and denying in part the preliminary injunction.  *See* ECF Nos. 55, 56.  Specifically, the Court preliminarily enjoined two aspects of the rule, but otherwise denied Plaintiffs' preliminary injunction motion.  *See Whitman-Walker Clinic, Inc. v. HHS*, No. 20-1630 (JEB), 2020 WL 5232076, at *18 (D.D.C. Sept. 2, 2020).  The Court explained, *inter alia*, that Plaintiffs had failed to show they had standing to challenge certain provisions.  *See id.* at *18-20.

On September 29, 2020, Defendants moved to dismiss.  Defs' Mem. in Support of Defs.' Mot. to Dismiss Pls.' Compl. ("Defs. Mot."), ECF No. 57-1 (Sept. 29, 2020).  Defendants raised several threshold objections to Plaintiffs' suit.  *See id.* at 5-15.  First, Defendants pointed out that the Court lacks jurisdiction over many of Plaintiffs' claims because Plaintiffs lack standing to assert them.  *See id.* at 5-10.  Defendants also explained that a number of Plaintiffs' claims are not ripe, a prerequisite for judicial review, and sought dismissal of one claim on mootness grounds. *See id*. at 10-15.  Defendants also raised various grounds for dismissal under Rule 12(b)(6) because a number of Plaintiffs' challenges fail to state a claim upon which relief can be granted. Specifically, Defendants sought dismissal of Plaintiffs' APA claims, *see id*. at 15-26, and also moved to dismiss Plaintiffs' four constitutional claims.  *See id*. at 26-31.  Defendants' Motion to Dismiss does not cite or rely on the administrative record.  It seeks dismissal based on the allegations in the complaint, and in some instances based on statements in the Federal Register, which are subject to judicial notice on a motion to dismiss.

Rather than responding to Defendants' motion to dismiss, Plaintiffs filed their own motion, which they captioned, "Motion to Compel Defendants to Produce the Administrative Record, to Hold in Abeyance Defendants' Partial Motion to Dismiss, and to set a Consolidated Schedule for Filing and Briefing Motions to Dismiss and/or Motions for Summary Judgment."  ("Pl. Mot. to Compel") ECF No. 58 (Oct. 6, 2020).  Plaintiffs' motion asserts that Defendants violated Local

Civil Rule 7(n) by failing to file a certified list of contents of the administrative record.  On this basis, Plaintiffs argue that the Court should compel Defendants to produce the administrative record to Plaintiffs, hold the motion to dismiss in abeyance, and order a "consolidated briefing schedule for motions to dismiss and/or motions for summary judgment with appropriate citations to the record."  Pl. Mot. to Compel at 14.

## ARGUMENT

The Court should reject Plaintiffs' wholly improper request to move forward with summary judgment briefing before considering the arguments raised in Defendants' motion to dismiss. Defendants' motion does not rely on the administrative record; instead, it identifies threshold jurisdictional and prudential limitations on the Court's power to review specific claims, as well as various pleading deficiencies in other claims.  Plaintiffs ask the Court to ignore those threshold issues and to instead proceed directly to summary judgment briefing on an administrative record that has yet to be compiled.  In attempting to justify this remarkable request, Plaintiffs argue that: (1) Defendants purportedly failed to comply with a local rule requiring them to file a certified list of contents of the administrative record; (2) the Court cannot properly "resolve" the motion to dismiss without the administrative record; and (3) "judicial economy" favors requiring immediate production of the administrative record and a consolidated briefing schedule including summary judgment briefing on the basis of that record.  Plaintiffs are wrong on all counts.

I.      **Plaintiffs' Arguments Under Local Civil Rule 7(n)(1) Are Meritless**

Plaintiffs argue that the Court should bypass review under Rules 12(b)(1) and 12(b)(6) because, in their view, Defendant violated Local Rule 7(n).  That rule provides that:

> In cases involving judicial review of administrative agency actions, unless otherwise ordered by the Court, the agency must file a certified list of the contents of the administrative record with the Court within 30 days following service of the answer to the complaint or simultaneously with the filing of a dispositive motion, whichever occurs first. Thereafter, counsel shall provide the Court with an appendix containing copies of those portions of the administrative record that are cited or otherwise relied upon in any memorandum in support of or in opposition to any dispositive motion. Counsel shall not burden the appendix with excess material from the administrative record that does not relate to the issues raised in the motion

or opposition. Unless so requested by the Court, the entire administrative record
shall not be filed with the Court.

LCvR 7(n)(1).  Here, Defendants' motion to dismiss does not cite or otherwise rely on the
administrative record, which has not yet even been compiled and certified.  Even so, Plaintiffs
argue that the local rule required Defendants to file a certified list of contents of the administrative
record simultaneously with their motion, and to produce the complete record to Plaintiffs.
Plaintiffs' arguments on this point are all meritless.

*First*, Plaintiffs' assertion that Defendants have violated Rule 7(n) rests on an erroneous
interpretation of the rule.  Fixating on the term "dispositive motion," Plaintiffs argue that
defendants are obliged to file a list and produce the record even where, as here, the defendant files
a motion to dismiss that does not rely on the record.  *See* Pl. Mot. to Compel at 8-9 (asserting that
a "motion to dismiss . . . unquestionably is a dispositive motion," and arguing that the rule applies
"regardless of whether the agency relied on the record in its motion").  That interpretation is plainly
wrong.  It would lead to absurd results, like requiring production of the administrative record when
the defendant seeks dismissal under Federal Rule of Civil Procedure 4(m) because plaintiff never
served a summons and complaint, or when the defendant seeks dismissal on statute of limitations
grounds because plaintiff challenges agency action that occurred decades ago.  Indeed, Plaintiffs'
interpretation would render Rule 12 largely meaningless in APA cases, effectively preventing the
agency from seeking dismissal solely on the basis of the complaint.  *See* Fed. R. Civ. P. 12.
Unsurprisingly, Plaintiffs cite no case adopting this reading of Local Civil Rule 7(n).  Plaintiffs
themselves seem to acknowledge later in their brief that their interpretation would lead to results
that make no sense.  *See* Pl. Mot. to Compel at 10 (acknowledging that "in some circumstances,"
a motion to dismiss "may raise purely legal issues that can be resolved without reference to the
administrative record").

It is clear from the text and logic of the rule that the administrative record obligations are
triggered only by a dispositive motion that *relies* on the contents of the agency's administrative
record.  *See* LCvR 7(n)(1) (directing counsel to "provide the Court with an appendix containing

copies of those portions of the administrative record that are cited or otherwise relied upon in any memorandum in support of or in opposition to any dispositive motion"). The point of the rule is not to ensure that motions to dismiss are always based on an administrative record. It is to ensure that the Court is not unnecessarily burdened with the filing of an administrative record in cases where a dispositive motion relies on such a record. *See*, *e.g.*, *Carroll v. DOL*, 235 F. Supp. 3d 79, 81 n.1 (D.D.C. 2017) (explaining that LCvR 7(n) is intended to assist the Court in cases involving a voluminous record and that failure to file a certified list under the rule is "immaterial" to resolution of motion to dismiss where motion turned on complaint and documents attached thereto). To that end, Local Civil Rule 7(n)(1) specifically instructs counsel not to "burden the appendix with excess material from the administrative record that does not relate to the issues raised in the motion or opposition." LCvR 7(n)(1). And the comment to Local Civil Rule 7(n)(1) expressly states that the "rule is intended to assist the Court in cases involving a voluminous record . . . by providing the Court with copies of *relevant portions of the record relied upon in any dispositive motion*."[1] *Id*. cmt. 1 (emphasis added).

Here, Defendants' pending motion to dismiss does not rely on the administrative record, and thus does not trigger obligations to produce such a record or to file a certified list of its contents under Local Civil Rule 7(n). Indeed, as Plaintiffs belatedly concede, Pl. Mot. to Compel at 14-15, many of the grounds for dismissal raised in the motion to dismiss address threshold issues such as

---

[1] Plaintiffs do not argue that Defendants' Motion relies on the administrative record. Instead, they assert that the rule applies "regardless of whether the agency relied on the record in its motion." Pl. Mot. to Compel at 8 (citing the requirement that the joint appendix must contain "copies of those portions of the administrative record that are cited or otherwise relied upon in any memorandum in support of *or in opposition to any dispositive motion*") (emphasis in Plaintiffs' brief). But the italicized language simply makes clear what the joint appendix should include. It should contain portions of the record that are relied on to support either party's position. It does not suggest, as Plaintiffs argue, that a defendant *must* produce the record to a plaintiff even when it files a motion to dismiss that does not rely on the record or, indeed, challenges whether an action is properly brought under the APA such that a record would be required in the first place. Such a requirement would make no sense. Plaintiffs' interpretation is in any event undermined by their own concession that some motions to dismiss do not require reference to the administrative record at all. *See* Pl. Mot. to Compel at 10.

standing and ripeness, which undisputedly do not require review of the administrative record.  *See Zemeka v. Holder*, 963 F. Supp. 2d 22, 24 (D.D.C. 2013) (Boasberg, J.) (explaining that APA claims may be dismissed before summary judgment where there are "jurisdictional bars such as standing, finality, or ripeness").  Defendants' motion to dismiss also identifies purely legal grounds for dismissal under Rule 12(b)(6), based on the allegations in the Complaint and, in some instances, on statements in the Federal Register, of which the Court may take judicial notice in deciding whether the complaint states a claim for which relief may be granted.  In any event, Defendants do not rely on the administrative record, so the rule does not apply and any failure to provide the list is "immaterial."  *See Carroll*, 235 F. Supp. 3d at 81 n.1 (declining to apply LCvR 7(n) and finding that documents attached to the complaint are "sufficient for determining whether the complaint states a claim upon which relief can be granted"); *Jimenez Verastegui v. Wolf*, --- F. Supp. 3d ---, ---, 2020 WL 3297230, at *2 n.3 (D.D.C. June 18, 2020) (declining to consider plaintiffs' argument that defendant failed to file certified list under Local Rule 7(n)(1) because "that list is irrelevant to the Court's determination that it lacks subject-matter jurisdiction."), appeal filed No. 20-5215 (D.C. Cir. Jul. 22, 2020).

*Second*, even if this Court were to adopt Plaintiffs' erroneous reading of the local rule, it would not follow that the Court should grant Plaintiffs' request to bypass review under Rule 12(b) and proceed directly to summary judgment review on the full administrative record.  Nothing in the text or purpose of the rule supports that result, and courts have properly rejected analogous arguments in the past.  *See Carroll*, 235 F. Supp. 3d at 81 n.1 (rejecting plaintiff's argument that failure to submit a certified list is grounds to strike the motion to dismiss, and explaining that such a result is unwarranted and unsupported by authority).  Indeed, as discussed below, even if the Court were inclined to agree with Plaintiffs that some arguments raised in the motion to dismiss require review of the administrative record, the logical response is for the Court to simply decline to dismiss particular claims on that basis.

In any event, if the Court were inclined to adopt Plaintiffs' erroneous interpretation, Defendants respectfully ask, in the alternative, that the Court construe Defendants' motion to

dismiss as incorporating a request to waive compliance with Local Civil Rule 7(n)(1).  *See, e.g.*, *Mdewakanton Sioux Indians of Minn. v. Zinke*, 264 F. Supp. 3d 116, 123 n. 12 (D.D.C. 2017) (construing defendants' motion to dismiss as incorporating a motion to waive compliance with Local Civil Rule 7(n) and granting "the motion because the administrative record is not necessary for its decision here.").  Courts routinely grant such requests where, as here, grounds for dismissal identified in the defendant's motion do not rely on the administrative record.  *See*, *e.g.*, *Connecticut v. Dep't of the Interior*, 344 F. Supp. 3d 279, 294 (D.D.C. 2018) (following the "practice of other courts in this jurisdiction" and waiving compliance with the requirements of LCvR 7(n) because consideration of the administrative record was unnecessary to decide the motion to dismiss) (citing cases); *PETA v. U.S. Fish & Wildlife Serv.*, 59 F. Supp. 3d 91, 94 n.2 (D.D.C. 2014) (noting that court had granted request for relief from LCvR 7(n) where agency sought dismissal of APA claim for failure to state a claim).

## II.    Contrary to Plaintiffs' Assertion, the Administrative Record Is Not Necessary to Resolve Defendants' Motion to Dismiss.

Plaintiffs do not suggest that the motion to dismiss relies on the administrative record, but they argue that the full administrative record is "necessary to resolve" the motion to dismiss, because Defendants' motion to dismiss "directly implicates the administrative record." *See* Pl. Mot. to Compel at 10, 13.  This argument likewise fails for a number of reasons.  It certainly does not support Plaintiffs' baseless suggestion that the Court should decline to even consider Defendants' motion to dismiss and proceed directly to summary judgment.

At the outset, Defendants' motion to dismiss raises threshold jurisdictional issues, including standing, ripeness and mootness, that undisputedly do not implicate any need to review an administrative record.  *See* Def. Mot. at 5-15.  In their briefing, Plaintiffs largely ignore Defendants' standing and mootness arguments, and only briefly suggest that the Court cannot resolve Defendants' *ripeness* arguments without first reviewing the complete administrative record on summary judgment.  Pl. Mot. to Compel at 3, 10.  This argument is incorrect.  Ripeness, like standing, imposes threshold limitations on the Court's authority to review a claim at all, and it is

entirely appropriate to address such issues on a motion to dismiss.  *See Zemeka*, 963 F. Supp. 2d at 24 ("Instead of waiting for summary judgment, . . . defendants may have solid grounds for moving to dismiss complaints in cases brought under the APA.  For example, there may be jurisdictional bars such as standing, finality, or ripeness.").

Indeed, not only is it appropriate to do so, it is incumbent on the Court to address such threshold issues before proceeding further in a case.  "The requirement that jurisdiction be established as a threshold matter 'springs from the nature and limits of the judicial power of the United States' and is 'inflexible and without exception.'"  *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94 (1988) (internal quotation omitted).  Standing, in particular, is a "necessary predicate to *any* exercise of jurisdiction," and without it, courts have "no business" deciding a matter or "expounding the law in the course of doing so."  *Dominguez v. UAL Corp.*, 666 F.3d 1359, 1361 (D.C. Cir. 2012) (citations omitted; emphasis added).  Plaintiffs ask the Court to flout these jurisdictional limitations, and to compel production of an administrative record that, in their view, is "necessary to resolve" the merits of Plaintiffs' APA challenges.  But until the Court has assured itself that Plaintiffs have standing, and that it otherwise has jurisdiction to consider Plaintiffs' claims, the Court has "no business" deciding the merits, "or expounding the law in the course of doing so."  *Id*.  Moreover, Plaintiffs must demonstrate standing at each "successive stage" of the litigation, including on a motion to dismiss.  *Arpaio v. Obama*, 797 F.3d 11, 19 (D.C. Cir. 2015).  The Court should not relieve them of this burden, especially because the Court already determined that Plaintiffs lack standing to raise certain claims in ruling on the preliminary injunction motion.

Plaintiffs are also wrong to argue that the Court cannot resolve Defendants' motion to the extent it seeks dismissal of APA challenges for failure to state a claim.  Pl. Mot. to Compel 10-14. Plaintiffs make no real effort to support this argument.  They assert that "Defendants' motion to dismiss directly implicates the administrative record," because "Plaintiffs and the Court need the administrative record" to "assess the reasonableness of the agency's explanation for *why* it" acted. *See id*. at 10-11.  But this argument is made in response to Defendants' *ripeness* arguments, which

as discussed above are properly resolved on a motion to dismiss and do not require review of the administrative record. *Id*. at 11.   Beyond that, Plaintiffs briefly mention only two other "example[s]" of arguments that, in their view, require the administrative record to resolve. *See id*. at 11 (citing arguments seeking dismissal of challenges to removal of prohibition on categorical coverage exclusions, and to the elimination of the notice requirements and access to language protections).  Contrary to Plaintiffs' suggestion, however, Defendants' arguments do not "ask the Court to find, as a matter of law, that HHS did not act arbitrarily and capriciously." *Id*.  Rather, Defendants argue that allegations in the complaint fail to state a claim for relief with respect to the elimination of specific provisions in the 2020 Rule.  Plaintiffs do not explain why these arguments "cannot be resolved" on a motion to dismiss.

To be sure, courts may decline to dismiss claims challenging agency action under Rule 12(b)(6), particularly where the claims, as alleged, require review of the evidentiary issues addressed by the agency and reflected in the administrative record.  *See*, *e.g.*, *Zemeka*, 963 F. Supp. 2d at 24-26.  But here, Plaintiffs' arbitrary and capricious challenges were predicated on allegations made in the complaint and on the agency's statements in the Federal Register, and Defendants moved to dismiss those claims on "purely legal" grounds based on the same allegations and statements.  *See* Pl. Mot. to Compel, at 10 (conceding that court can decide purely legal grounds for dismissal without the administrative record).  In any case, Defendants have moved to dismiss various other claims under Rule 12(b)(6) as well, including Plaintiffs' claims that certain aspects of the rule are inconsistent with statutory provisions in the ACA, as well as Plaintiffs' four constitutional claims.  Plaintiffs do not even mention those arguments, much less explain why they require review of the administrative record.  These arguments are entirely justified on a motion to dismiss under Rule 12(b)(6).  *See*, *e.g.*, *Marshall Cnty. Health Care Auth., et al., v. Shalala*, 988 F.2d 1221, 1226 n.6 (D.C. Cir. 1993) (affirming dismissal under Rule 12(b)(6) and explaining that "as matters of public record, statements in the Federal Register can be examined on 12(b)(6) review"); *Wash. All. of Tech. Workers v. U.S. Dept. Homeland Sec.*, 892 F.3d 332, 346-47 (D.C. Cir. 2018) (affirming dismissal under Rule 12(b)(6) of various claims challenging agency rule

under APA, including a claim challenging the rule as arbitrary and capricious); *Am. Bank. Ass'n v. Nat'l Credit Union Admin.*, 271 F.3d 262, 266-67 (D.C. Cir. 2001) (agreeing with the District Court that challenge to regulations as inconsistent with statute "can be resolved with nothing more than the statute and its legislative history").

More fundamentally, however, the proper vehicle for any argument to the contrary is a brief in *opposition* to Defendants' motion to dismiss, not a "Motion to Compel" that seeks to avoid Plaintiffs' obligation to respond at all. If Plaintiffs believe that particular grounds for dismissal raised in Defendants' motion to dismiss are unsound, then Plaintiffs should set forth their position on those issues in a response brief and ask the Court to deny Defendants' request to dismiss specific claims on that basis. Once briefing on the motion to dismiss is complete, the Court can make a determination as to its own jurisdiction to decide the various claims at issue and, if it even has occasion to reach the grounds for dismissal under Rule 12(b)(6), it may decide those issues as well. *See Brown v. Jewell*, 134 F. Supp. 3d 170, 176 (D.D.C. 2015) (explaining that a district court has an "'independent obligation to determine whether subject matter jurisdiction exists . . . before ruling on the merits'"). To the extent the Court determines it has jurisdiction over some set of claims under the APA that are ripe for review, then the Court can decide whether each such claim should be dismissed under Rule 12(b)(6), as Defendants have argued, or whether the Court should deny the motion to dismiss the claim and proceed to review that claim at summary judgment on the basis of the administrative record. Indeed, that is precisely what this Court did in *Zemeka*, the case cited by Plaintiffs. *See Zemeka*, 963 F. Supp. 2d at 24-26 (denying motion to dismiss only after reviewing the parties' respective briefs, as well as the records submitted by both parties).

Plaintiffs are thus wrong to assert that the Court "cannot resolve" the motion to dismiss without the administrative record. Even if the Court were to agree with Plaintiffs that the administrative record is needed to fully address certain arguments, the proper course is to "resolve" those arguments by simply declining to dismiss specific claims on those grounds. Plaintiffs here ask the Court to go further. They ask the Court not to even *consider* Defendants' motion to dismiss, and to accept on faith Plaintiffs' perfunctory assurances that the various arguments raised therein

11

do not justify dismissal under Rule 12(b)(6).  But the only way for the Court to properly decide that question is to consider Defendants' arguments for itself, as well as Plaintiffs' counter-arguments.  Plaintiffs would prefer to skip over the motion to dismiss briefing process entirely, and get immediate access to the administrative record so as to try to support their claims on summary judgment.  But that is not the process contemplated by the Federal Rules of Civil Procedure, and Plaintiffs have cited no good reason to deviate from the normal process here.

### III.    Judicial Economy Strongly Supports Deciding the Motion to Dismiss Prior to Briefing on Summary Judgment

Finally, Plaintiffs are also wrong to argue that "judicial economy" favors a consolidated briefing schedule in which the motion to dismiss is briefed and decided together with cross motions for summary judgment on the administrative record.  Pl. Mot. to Compel at 3, 14.  To the contrary, judicial economy strongly supports resolving Defendants' already-filed motion to dismiss before moving on to litigate summary judgment, as is the normal practice when defendants have filed such a threshold motion.

The benefits to judicial economy of this approach are self-evident.  As already explained, Defendants' motion to dismiss raises numerous threshold jurisdictional defects that are apparent on the face of the complaint, some of which have already been acknowledged by this Court in ruling on the preliminary injunction motion.  And as also discussed, the Court is obliged to address those concerns before opining on whether Plaintiffs' APA claims will necessitate review of the administrative record, and certainly before entertaining any such merits arguments on summary judgment.  Judicial economy also supports addressing Defendants' arguments under Rule 12(b)(6) prior to briefing summary judgment.  To the extent the Court can narrow the scope of this litigation through dismissal under Rule 12(b), as the Court's preliminary injunction opinion suggests is likely, that would allow for more efficient and focused proceedings on summary judgment.  Such concerns are especially compelling in a case like this one, where (i) Plaintiffs have asserted a litany of challenges to numerous aspects of the 2020 Rule, including multiple constitutional challenges, (ii) the Court has already identified jurisdictional and merits concerns with many of Plaintiffs'

claims, and (iii) the administrative record is not yet compiled and is estimated to be over two million pages in length.

Indeed, for precisely these reasons, courts routinely find that briefing on summary judgment is premature until the Court can resolve issues raised in a pending or anticipated motion to dismiss where, as here, Defendants have raised threshold jurisdictional concerns.  *See*, *e.g.*, *West Virginia ex rel. Morrisey v. HHS*, No. 14-1287 (RBW), 2014 WL 12803229, at \*1–2 (D.D.C. Nov. 3, 2014) (stating that "in the interest of judicial economy, Courts will stay summary judgment briefing pending the resolution of a motion to dismiss");  *Freedom Watch, Inc. v. Dep't of State*, 925 F. Supp. 2d 55, 59 (D.D.C. 2013) ("Not needing more lawyers to spend more time on more briefs on more subjects in order to decide the motion to dismiss, the Court granted the motion to stay...."); *Furniture Brands Int'l Inc. v. U.S. Int'l Trade Comm'n*, No., 11-202 (JDB), 2011 WL 10959877, at \*1 (D.D.C. Apr. 8, 2011) (noting that "suspending briefing of the summary judgment motion will allow the Court to manage the orderly disposition of this case").[2]  As one court explained:

> Because the Court must necessarily resolve the motions to dismiss before considering plaintiff's summary judgment motion, suspending briefing of the summary judgment motion pending the Court's resolution of the motions to dismiss will not prejudice plaintiff; staying further briefing of the plaintiff's summary judgment motion will allow the parties to avoid the unnecessary expense, the undue burden, and the expenditure of time to brief a motion that the Court may not decide.

*Furniture Brands*, 2011 WL 10959877, at \*1.

Plaintiffs' Motion to Compel asks this Court to take precisely the opposite approach as that espoused in *Furniture Brands*.  Plaintiffs ask the Court to halt further briefing on a motion to

---

[2] *See also*, *e.g.*, *Baginski v. Lynch*, 229 F. Supp. 3d 48, 57 (D.D.C. 2017) (noting that it had "deferred" consideration of plaintiff's motion for summary judgment "until it was able to assess the government's motion to dismiss"); *Montgomery v. IRS*, No. 17-cv-918 (D.D.C. Nov. 6, 2017) (staying summary judgment briefing until after resolution of threshold issues); *Cierco v. Lew*, 190 F. Supp. 3d 16, 21 (D.D.C. 2016) (same); *Daniels v. United States*, 947 F. Supp. 2d 11, 15 (D.D.C. 2013) (noting that court stayed summary judgment briefing pending its ruling on motion to dismiss); *Angulo v. Gray*, 907 F. Supp. 2d 107, 109 (D.D.C. 2012) (same); *Magritz v. Ozaukee Cnty.*, 894 F. Supp. 2d 34, 37 (D.D.C. 2012) (same); *Ticor Title Ins. Co. v. FTC*, 625 F. Supp. 747, 749 n.2 (D.D.C. 1986) (holding in abeyance plaintiff's motion for summary judgment "pending resolution of threshold questions of jurisdiction and justiciability").

dismiss that has already been filed, and to skip ahead to full briefing on summary judgment and a full administrative record.  This request makes no sense, is contrary to the Court's obligation to decide jurisdiction and other threshold issues before expounding on merits questions, and is wasteful and judicially inefficient.[3]  Most of Plaintiffs' arguments to the contrary rest on the false premise, discussed above, that the administrative record is "necessary to resolve" the motion to dismiss.  Pl. Mot. to Compel at 14.  It is not.  To the extent Plaintiffs' claims survive Defendants' Motion to Dismiss, either because they require examination of the administrative record or for any other reason, they can be decided on summary judgment in the ordinary course.  Plaintiffs' attempt to avoid having to respond to Defendants' motion to dismiss should be rejected.

---

[3] Misleadingly, Plaintiffs quote language from the agency's brief in another case challenging the 2020 Rule to inaccurately suggest that Defendants supported a result similar to the one Plaintiffs seek here.  But Plaintiffs neglect to inform the Court that the relief sought by the agency in that case was the same as that sought here:  "In this case, the existence of serious jurisdictional questions and the interests of efficiency and judicial economy make it appropriate for the Court to resolve Defendants' forthcoming motion to dismiss before the litigation proceeds to summary judgment." *See* Pl. Mot. to Compel, Ex. 5 at 3, ECF No. 58-6.  Plaintiffs also neglect to inform the Court that the quoted language suggested consolidated briefing only as an *alternative* to litigating the Plaintiffs' prematurely-filed motion for summary judgment in that case *before* defendants' anticipated motion to dismiss.

## CONCLUSION

For these reasons, Defendants respectfully request that the Court deny Plaintiffs' Motion to Compel, and to deny Plaintiffs' premature request to set a consolidated briefing schedule for motions for summary judgment. Defendants respectfully request that the Court order Plaintiffs to respond to the Defendants' pending motion to dismiss.[4]

Dated: October 20, 2020                Respectfully submitted,

                                       JEFFREY BOSSERT CLARK
                                       Acting Assistant Attorney General

                                       MICHELLE R. BENNETT
                                       Assistant Director, Federal Programs Branch

                                       */s/ Liam C. Holland*
                                       LIAM C. HOLLAND
                                       Trial Attorney
                                       United States Department of Justice
                                       Civil Division, Federal Programs Branch
                                       P.O. Box No. 883
                                       Ben Franklin Station
                                       Washington, D.C. 20009
                                       Tel.: (202) 514-4964
                                       Fax: (202) 616-8470
                                       Email: Liam.C.Holland@usdoj.gov

                                       *Attorneys for Defendants*

---

[4] Defendants do not oppose Plaintiffs' request that their response to Defendants' partial motion to dismiss be due 45 days from the date the Court decides Plaintiffs' Motion to Compel, but respectfully request that Defendants be allowed 30 days to reply to any such response.