IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| WHITMAN-WALKER CLINIC, INC., *et al.*, <br><br> *Plaintiffs*, <br><br> v. <br><br> U.S. DEPARTMENT OF HEALTH AND HUMAN SERVICES, *et al.*, <br><br> *Defendants*. | Case No. 1:20-cv-01630 (JEB) |

**PLAINTIFFS' REPLY IN SUPPORT OF THEIR MOTION TO COMPEL DEFENDANTS TO PRODUCE THE ADMINISTRATIVE RECORD, TO HOLD IN ABEYANCE DEFENDANTS' PARTIAL MOTION TO DISMISS, AND TO SET A CONSOLIDATED SCHEDULE FOR FILING AND BRIEFING MOTIONS TO DISMISS AND/OR MOTIONS FOR SUMMARY JUDGMENT**

Consistent with Defendants' disregard for the law and the rules, Defendants argue that the Court should excuse their failure to follow the Court's unambiguous local rules and decide a largely inappropriate motion to dismiss. Defendants' strategy is to hide the ball and delay judicial review of their unlawful Revised Rule. Plaintiffs request that the Court decline to entertain such tactics and allow for meaningful review of the Revised Rule, parts of which are in effect and continue to endanger the lives, health, and wellbeing of LGBTQ people and people with limited English proficiency (LEP).

Defendants contend that Plaintiffs do not have standing to challenge some of the Revised Rule's provisions and the Court should decide those issues first to narrow the case. But given that Defendants' challenges affect only a small subset of Plaintiffs' claims, Defendants' approach would not lead to a meaningful narrowing of the issues even if Defendants were to prevail. Because Defendants are unable to contest Plaintiffs' standing to challenge the bulk of the Revised

Rule, Defendants also claim that nearly all of Plaintiffs' claims should be dismissed on the merits because they are not ripe or are "implausible." Defendants contend that Plaintiffs do not need the administrative record to respond to these arguments. Defendants ignore, however, that Plaintiffs have challenged numerous provisions of the Revised Rule not only as contrary to law and constitutional rights, but also as arbitrary and capricious. The administrative record *clearly is required* to assess whether an agency's action is arbitrary and capricious.

Why do Defendants refuse to produce the administrative record, particularly given their acknowledgement that they ultimately will have to do so? Well, recently, Defendants revealed that the "administrative record is enormous" and "currently estimated at two million pages, possibly more." Am. Letter Mot. for Extension of Time to File Admin. R., *New York v. U.S. Dep't of Health and Human Servs.*, No. 20-cv-05583 (AKH) (S.D.N.Y. filed Oct. 14, 2020) (ECF No. 98) ("Letter Motion"). It therefore is likely, as Plaintiffs contend, that Defendants failed to account for and consider all of the necessary evidence, data, and views within the administrative record before finalizing the Revised Rule, just as Defendants decided to ignore the Supreme Court's decision in *Bostock v. Clayton County, Georgia*, 140 S. Ct. 1731 (2020), when they published the Revised Rule four days after the decision. Defendants have taken nearly half the time it took to supposedly review and respond to the administrative record simply to compile it.

Accordingly, Plaintiffs respectfully request that the Court: (i) compel Defendants to produce the administrative record in accordance with Local Civil Rule 7(n); (ii) hold Defendants' September 29, 2020 partial motion to dismiss in abeyance or deny the motion without prejudice; and (iii) set a consolidated schedule for filing and briefing motions to dismiss and/or cross-motions for summary judgment after Defendants complete production of the administrative record and Plaintiffs have an adequate opportunity to review.

**ARGUMENT**

I.  **DEFENDANTS ARE NOT ENTITLED TO DECIDE WHETHER THEY MUST COMPLY WITH LOCAL CIVIL RULE 7(n)(1) OR WHETHER PLAINTIFFS ARE ENTITLED TO RELY ON THE ADMINISTRATIVE RECORD TO OPPOSE A DISPOSITIVE MOTION.**

Local Civil Rule 7(n)(1) is unequivocal: "[U]nless otherwise ordered by the Court, the agency must file a certified list of the contents of the administrative record with the Court . . . simultaneously with the filing of a dispositive motion." L. Civ. R. 7(n)(1). Defendants filed a dispositive motion, yet failed to file a certified list of the contents of the administrative record. Defendants contend they do not need to comply with Local Civil Rule 7(n)(1) because they did not rely on the administrative record and the Court can waive Local Civil Rule 7(n)(1)'s requirement.

Whether Defendants relied on the administrative record in their motion to dismiss is irrelevant. Local Civil Rule 7(n)(1) provides that "counsel shall provide the Court with an appendix containing copies of those portions of the administrative record that are cited or otherwise relied upon in any memorandum in support of *or in opposition to any dispositive motion*." L. Civ. R. 7(n)(1) (emphasis added). By its terms, Local Civil Rule 7(n)(1) anticipates that a party opposing a dispositive motion might rely on the administrative record, even if the moving party did not. Defendants do not get to decide whether Plaintiffs can rely on the administrative record in opposing Defendants' motion to dismiss.

It also is improper for Defendants to request that the Court waive Local Civil Rule 7(n)(1)'s requirement *after* they have disregarded the rule's clear command. Allowing them to do so surely will lead to similar actions by HHS and other agencies down the road. Defendants' disregard of the rules should not be countenanced.

## II. THE ADMINISTRATIVE RECORD IS NECESSARY—INDEED, REQUIRED—TO ASSESS DEFENDANTS' MOTION TO DISMISS.

Defendants' refusal to produce the administrative record is perplexing given that the administrative record plainly is necessary to assess whether an agency's action complied with the Administrative Procedure Act (APA), and particularly whether it is arbitrary and capricious. The APA states that "the court *shall* review the whole record or those parts of it cited by a party" in assessing whether an agency's action is "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law," or "contrary to constitutional right, power, privilege, or immunity," among others. 5 U.S.C. § 706(2) (emphasis added). In addition:

> in recognition of the dangers associated with proceeding with judicial review on the basis of a partial and truncated record without the consent of the parties, when the arguments raised go to the question of whether the agency has adhered to the standards of decisionmaking required by the APA, the United States Court of Appeals for the District of Columbia Circuit has advised that the better practice is to test the parties' arguments in the context of a motion for summary judgment and with reference to the full administrative record.

*Banner Health v. Sebelius*, 797 F. Supp. 2d 97, 112–13 (D.D.C. 2011) (cleaned up).

Here, Plaintiffs challenge the following aspects of the Revised Rule, among others, as arbitrary and capricious:

1. The Revised Rule, as a whole, because Defendants' justifications for repealing critical anti-discrimination protections run counter to the evidence before the agency and disregard material facts and evidence, Defendants fail to supply a reasoned explanation for their policy change from the 2016 Final Rule to the Revised Rule, Defendants have failed to consider important aspects of the problem, including the Revised Rule's interference

4

       with current law, and Defendants failed to account properly for the costs and benefits of the Revised Rule (Compl. ¶ 228);

2. The elimination of the definition of "on the basis of sex" (Compl. ¶ 229);

3. The elimination of the prohibition of categorical exclusions of coverage for gender dysphoria (Compl. ¶¶ 98, 99, 229);

4. The elimination of the unitary legal standard for enforcement of violations of Section 1557 (Compl. ¶¶ 110, 230);

5. The elimination of the explicit recognition of private rights of action and the availability of compensatory damages under Section 1557 (Compl. ¶¶ 113, 115, 231);

6. The incorporation of broad and sweeping exemptions for discrimination based on personal religious or moral belief, including Title IX's religious exemption (Compl. ¶¶ 121, 124, 232);

7. The narrowing of covered entities under the Revised Rule (Compl. ¶¶ 138-147, 233);

8. The elimination of prohibitions against discrimination based on sexual orientation and gender identity in unrelated regulations promulgated under other statutes (Compl. ¶¶ 156-158, 234);

9. The elimination of protections against discrimination on the basis of association (Compl. ¶¶ 100-101, 235);

10. The elimination of the requirement of notice of nondiscrimination requirements and access to language protections (Compl. ¶¶ 136-137, 236); and

11. The failure to consider important regulatory costs, including significant direct or indirect health costs to plaintiffs, their patients, and public health and safety (Compl. ¶¶ 159-166, 237).

Plaintiffs also allege that the Revised Rule is contrary to law (Claim II), contrary to constitutional right (Claims IV-VII), and in excess of statutory authority (Claim III). These standards, however, "overlap and are, at times, intertwined." *Amarin Pharms. Ir. Ltd. v. Food & Drug Admin.*, 106 F. Supp. 3d 196, 206 (D.D.C. 2015).

In their *partial* motion to dismiss, Defendants contest Plaintiffs' standing to challenge only a small subset of the eleven aspects of the Revised Rule identified above that Plaintiffs challenge as arbitrary and capricious. Defendants seek to dismiss on the merits the following aspects of the Revised Rule that Plaintiffs allege are arbitrary and capricious:

1. The elimination of the prohibition of categorical exclusions of coverage for gender dysphoria (ECF No. 57-1 at 16);

2. The elimination of the unitary legal standard for enforcement of violations of Section 1557 (ECF No. 57-1 at 22);

3. The elimination of the explicit recognition of private rights of action and the availability of compensatory damages under Section 1557 (ECF No. 57-1 at 22);

4. The narrowing of covered entities under the Revised Rule (ECF No. 57-1 at 19);

5. The elimination of prohibitions against discrimination based on sexual orientation and gender identity in unrelated regulations promulgated under other statutes (ECF No. 57-1 at 26);

6. The elimination of protections against discrimination on the basis of association (ECF No. 57-1 at 25); and

      7.      The elimination of the requirement of notice of nondiscrimination requirements and access to language protections (ECF No. 57-1 at 17).

Thus, even if Defendants were successful in their challenge to Plaintiffs' standing as to these limited aspects of the Revised Rule, the Court still would have to consider whether the vast remainder of the Revised Rule is arbitrary and capricious, and it will need the administrative record to do so.

Judicial review "under the 'arbitrary' or 'capricious' standard *requires* the court to examine the existing administrative record to assure that the agency had factual support for its decision." *Ctr. for Auto Safety v. Dole*, 828 F.2d 799, 811 (D.C. Cir. 1987), *on reh'g*, 846 F.2d 1532 (D.C. Cir. 1988) (emphasis added). The Court cannot properly assess the merits of each of the provisions Plaintiffs challenge as arbitrary and capricious without the administrative record because it must have before it "neither more nor less information than did the agency when it made its decision." *Walter O. Boswell Mem'l Hosp. v. Heckler*, 749 F.2d 788, 792 (D.C. Cir. 1984). What is more, when provisions challenged as contrary to law also are challenged as arbitrary and capricious, because the arguments overlap, the proper course is to consider the claims at summary judgment with the aid of the full administrative record. *See City of Columbus v. Trump*, 453 F. Supp. 3d 770, 799–800 (D. Md. 2020).

To permit Defendants to proceed with their motion to dismiss Plaintiffs' challenges to provisions of the Revised Rule on the merits without production of the administrative record would turn judicial review on its head. Defendants have moved to dismiss Plaintiffs' claims based "on allegations made in the complaint and on the agency's statements in the Federal Register" (ECF No. 60 at 10), and they have asked the Court to consider Defendants' statements in the preamble of the Revised Rule in assessing the plausibility of Plaintiffs' claims. Yet, Defendants refuse to

7

produce the administrative record to allow Plaintiffs and the Court to assess the veracity or completeness of Defendants' statements in the preamble.  Although the Court may take judicial notice of the Revised Rule as published in the Federal Register, *see* 44 U.S.C. § 1507, judicial review under the APA requires more.  Neither Plaintiffs nor the Court must take Defendants' justifications in the preamble at face value.

Plaintiffs have alleged that the Revised Rule "run[s] counter to the evidence before the agency and disregard[s] material facts and evidence," that "defendants fail[ed] to supply a reasoned explanation for their policy change from the 2016 Final Rule to the Revised Rule," that "defendants have failed to consider important aspects of the problem, including the Revised Rule's interference with current law," and that "defendants failed to account properly for the costs and benefits of the Revised Rule." (Compl. ¶ 228.)  Accordingly, "the Court is obligated to compare [Defendants'] statements in the Register with the evidence in the administrative record." *Dist. Hosp. Partners, L.P. v. Sebelius*, 794 F. Supp. 2d 162, 173 (D.D.C. 2011); *see also Swedish Am. Hosp. v. Sebelius*, 691 F. Supp. 2d 80, 88 (D.D.C. 2010) ("Without the administrative record, the court is unable to perform this function.").

In *District Hospital Partners*, the court rejected a similar argument by a defendant who asserted "that her statements in the Federal Register render the claims in plaintiffs' Complaint implausible and that, therefore, plaintiffs have failed to state a claim upon which relief can be granted."  794 F. Supp. 2d at 172.  The court concluded that the administrative record was necessary to evaluate the merits of plaintiffs' claims because they presented "an attack on the adequacy of the Secretary's decisionmaking." *Id.* at 172–73.  Such is the case here.

In addition, without the full administrative record to review, a "party [may] withhold evidence unfavorable to its case." *Vargus v. McHugh*, 87 F. Supp. 3d 298, 301 (D.D.C. 2015)

(internal citation and quotation marks omitted).  We know from experience that this particular set of Defendants already has misrepresented the administrative record in the preamble of other recent regulations.  In *New York v. Department of Health and Human Services*, 414 F. Supp. 3d 475, 541 (S.D.N.Y. 2019), the court determined that *these* defendants made "demonstrably false" statements about the administrative record in the preamble to another regulation.  The court considered these misrepresentations to be "fatal to HHS's stated justification for the Rule."  *Id.* at 542.

Finally, Plaintiffs contend that Defendants' promulgation of the Revised Rule violates equal protection because it is based on animus towards LGBTQ people.  In opposing preliminary relief on this claim, Defendants noted that the alleged animus of Defendants needed to be tested based on the administrative record.  *See* ECF No. 42 at 35; *see also* ECF No. 43 at 21 n.6 (allegations of animus are part of the administrative record).

There is no doubt that the administrative record is necessary to evaluate the merits of Plaintiffs' claims, both those Defendants seek to dismiss on the merits and those they do not seek to dismiss at all.  The Court should compel production of the administrative record.

### III. JUDICIAL ECONOMY FAVORS A CONSOLIDATED BRIEFING SCHEDULE.

According to Defendants, the administrative record in this case is "enormous" and "estimated at two million pages, possibly more."  Letter Motion.  By refusing to produce the administrative record and opposing a proposed consolidated briefing schedule, Defendants seek to establish piecemeal judicial review of the Revised Rule.  But a piecemeal review of the substantive underpinnings of a rule undermines judicial economy and depletes the parties' resources.

Defendants' partial motion to dismiss does not substantially narrow the claims for review, nor does it obviate the need for production of the administrative record.  The vast majority of Plaintiffs' claims require the administrative record for them to be properly briefed and considered.  Indeed, the bulk of Defendants' motion to dismiss cannot be considered without the administrative

9

record. Rather than engage in piecemeal litigation, Plaintiffs propose that the more efficient and more just course of action would be for Defendants to produce the administrative record (which they will have to produce anyway) and for the parties to file dispositive motions pursuant to a consolidated briefing schedule. Such a schedule would avoid the need for the parties to brief, and the Court to consider, the merits of most of Plaintiffs' claims more than once.

## CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request that the Court compel Defendants to produce the administrative record, hold Defendants' partial motion to dismiss in abeyance or deny the motion without prejudice, and order a consolidated briefing schedule for dispositive motions. Alternatively, if the Court declines to hold Defendants' partial motion to dismiss in abeyance or to dismiss the motion without prejudice, Plaintiffs respectfully request that their response to Defendants' partial motion to dismiss be due 45 days from the date the Court decides this motion.

Dated: October 27, 2020

LAMBDA LEGAL DEFENSE
AND EDUCATION FUND, INC.

By:   /s/ *Omar Gonzalez-Pagan*
OMAR GONZALEZ-PAGAN*
*ogonzalez-pagan@lambdalegal.org*
KAREN LOEWY***
*kloewy@lambdalegal.org*
CARL S. CHARLES*
*ccharles@lambdalegal.org*
LAMBDA LEGAL DEFENSE
AND EDUCATION FUND, INC.
120 Wall Street, 19th Floor
New York, NY  10005
Phone: (212) 809-8585
Fax:    (212) 809-0055

* Admitted *pro hac vice.*

** *Application for admission to U.S. District Court for the District of Columbia forthcoming.*

*** Admitted *pro hac vice. DC Bar admission pending.*

Respectfully submitted,

STEPTOE & JOHNSON LLP

By:   /s/ *Laurie Edelstein*
LAURA (LAURIE) J. EDELSTEIN*
*ledelstein@steptoe.com*
STEPTOE & JOHNSON LLP
One Market Plaza
Spear Tower, Suite 3900
San Francisco, CA  94105
Phone: (415) 365-6700
Fax:    (415) 365 6699

MICHAEL VATIS
(D.C. Bar No. 422141)
*mvatis@steptoe.com*
KHRISTOPH A. BECKER*
*kbecker@steptoe.com*
STEPTOE & JOHNSON LLP
1114 Avenue of the Americas
New York, NY  10036
Phone: (212) 506-3900
Fax:    (212) 506-3950

JOHANNA DENNEHY
(D.C. Bar No. 1008090)
*jdennehy@steptoe.com*
LAURA LANE-STEELE**
*llanesteele@steptoe.com*
STEPTOE & JOHNSON LLP
1330 Connecticut Avenue NW
Washington, DC  20036
Phone: (202) 429-3000
Fax:    (202) 429-3902

*Counsel for Plaintiffs*