IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| WHITMAN-WALKER CLINIC, INC., *et al.*, | ) ) ) ) | |
| Plaintiffs, | ) ) ) | |
| v. | ) ) ) | Case No. 1:20-cv-01630-JEB |
| U.S. DEPARTMENT OF HEALTH AND HUMAN SERVICES, *et al.*, | ) ) ) ) | |
| Defendants. | ) ) ) | |

**JOINT MOTION FOR A STAY OF PROCEEDINGS**

The parties, having conferred, hereby jointly request that the Court stay all proceedings in this matter while new leadership at the U.S. Department of Health and Human Services ("HHS") evaluates the issues this case presents, especially in light of the President's Executive Order on Preventing and Combating Discrimination on the Basis of Gender Identity or Sexual Orientation.

1. This case concerns the validity of a final rule that HHS promulgated in 2020. The rule, entitled Nondiscrimination in Health and Health Education Programs or Activities, 85 Fed. Reg. 37,160 (June 19, 2020) ("2020 Rule"), implements Section 1557 of the Patient Protection and Affordable Care Act, 42 U.S.C. § 18116. In this case, Plaintiffs seek judicial review of the rule. On September 2, 2020, this Court preliminarily enjoined portions of the rule. On September 29, 2020, Defendants moved to dismiss many of Plaintiffs' claims.

2. Defendants' motion is fully briefed. The Court has not scheduled argument on the motion.

3. On February 1, 2021, this Court issued a Minute Order directing the parties to appear for a telephonic hearing on February 17, 2021, to discuss whether the change in administrations

1

will have any effect on either side's position in this litigation. In anticipation of the hearing, the parties conferred on February 10, 2021.

4. New leadership at HHS will be reassessing the issues that this case presents. It would therefore conserve the resources of the Court and the parties to stay proceedings while HHS undertakes this reassessment. New leadership began arriving at HHS and the U.S. Department of Justice on January 20, 2021, and will need additional time to review the rule in question and the multiple legal issues that are involved in this case; consult with all interested federal agencies and offices; and determine the appropriate course going forward. Given the recent change of administration and the complexity and importance of the issues presented by the rule and in this case, these extraordinary circumstances support a stay of proceedings. The Court's authority to order such a stay is well-settled. *See Landis v. N. Am. Co.*, 299 U.S. 248, 253 (1936) ("The power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants."). *Accord Dietz v. Bouldin*, 136 S. Ct. 1885, 1892-93 (2016) ("This Court has also held that district courts have the inherent authority to manage their dockets and courtrooms with a view toward the efficient and expedient resolution of cases." (citing *Landis*, 299 U.S. at 254)).

5. The preliminary injunction in this case enjoining the repeal of the definition of discrimination "[o]n the basis of sex" insofar as it includes "discrimination on the basis of . . . sex stereotyping," as previously set forth in 45 C.F.R. § 92.4, and the incorporation of the religious exemption contained in Title IX, *see* 45 C.F.R. § 92.6(b), contained in the 2020 Rule will remain in effect and Defendants will continue to adhere to this Court's order dated September 2, 2020, ECF No. 55. To that end, the parties are also jointly moving

before the U.S. Court of Appeals for the District of Columbia Circuit to stay the appeal of this Court's September 2, 2020 order.

6. In light of the above, the Court should stay further district court proceedings pending the new administration's review of this litigation and the rule being challenged because that review may result in changes that render it unnecessary for the court to resolve the jurisdictional and merits issues presented in this case or, at the very least, narrow those issues significantly. Moreover, neither party nor the public would be prejudiced by a stay.

7. The parties propose that they file a joint status report no later than May 14, 2021, apprising the Court of the status of the matter and submitting a proposal for further proceedings. Section 2(d) of the aforementioned Executive Order requires agency heads, by April 30, 2021, to develop a plan to carry out actions the agency identifies as appropriate. May 14, 2021 would provide the parties two weeks to confer after that date.

## CONCLUSION

For the foregoing reasons, the Court should stay proceedings in this case. The parties propose that they file a joint status report by no later than May 14, 2021, apprising the Court of the status of the matter and submitting a proposal for further proceedings.

Dated: February 16, 2021            Respectfully submitted,

                                    BRIAN M. BOYNTON
                                    Acting Assistant Attorney General

                                    MICHELLE R. BENNETT
                                    Assistant Director, Federal Programs Branch

                                    /s/ Liam C. Holland
                                    LIAM C. HOLLAND
                                    Trial Attorney
                                    United States Department of Justice
                                    Civil Division, Federal Programs Branch

1100 L Street, N.W.
Washington, D.C. 20530
Tel.: (202) 514-4964
Fax: (202) 616-8470
Email: Liam.C.Holland@usdoj.gov

*Attorneys for Defendants*

| | |
|---|---|
| LAMBDA LEGAL DEFENSE AND EDUCATION FUND, INC. | STEPTOE & JOHNSON LLP |
| By: /s/ *Omar Gonzalez-Pagan* | By: /s/ *Laurie Edelstein* |
| OMAR GONZALEZ-PAGAN* | LAURA (LAURIE) J. EDELSTEIN* |
| *ogonzalez-pagan@lambdalegal.org* | *ledelstein@steptoe.com* |
| LAMBDA LEGAL DEFENSE AND EDUCATION FUND, INC. | STEPTOE & JOHNSON LLP |
| 120 Wall Street, 19th Floor | One Market Plaza |
| New York, NY 10005 | Spear Tower, Suite 3900 |
| Phone: (212) 809-8585 | San Francisco, CA 94105 |
| Fax: (212) 809-0055 | Phone: (415) 365-6700 |
| | Fax: (415) 365 6699 |
| KAREN LOEWY*** | MICHAEL VATIS |
| *kloewy@lambdalegal.org* | (D.C. Bar No. 422141) |
| LAMBDA LEGAL DEFENSE AND EDUCATION FUND, INC. | *mvatis@steptoe.com* |
| 1776 K Street, N.W., 8th Floor | KHRISTOPH A. BECKER* |
| Washington, DC 20006-2304 | *kbecker@steptoe.com* |
| Phone: (202) 804-6245 | STEPTOE & JOHNSON LLP |
| | 1114 Avenue of the Americas |
| | New York, NY 10036 |
| CARL S. CHARLES* | Phone: (212) 506-3900 |
| *ccharles@lambdalegal.org* | Fax: (212) 506-3950 |
| LAMBDA LEGAL DEFENSE AND EDUCATION FUND, INC. | |
| 730 Peachtree Street, N.E., Suite 640 | JOHANNA DENNEHY |
| Atlanta, GA 30308-1210 | (D.C. Bar No. 1008090) |
| Phone: (404) 897-1880 | *jdennehy@steptoe.com* |
| Fax: (404) 897-1884 | LAURA LANE-STEELE** |
| | *llanesteele@steptoe.com* |
| | STEPTOE & JOHNSON LLP |
| * Admitted *pro hac vice*. | 1330 Connecticut Avenue NW |
| | Washington, DC 20036 |
| ** *Application for admission to U.S. District Court for the District of Columbia forthcoming.* | Phone: (202) 429-3000 |
| | Fax: (202) 429-3902 |
| *** Admitted *pro hac vice*. DC Bar admission pending. | |

*Attorneys for Plaintiffs*

*Attorneys for Plaintiffs*