IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____
                                      )
WHITMAN-WALKER                        )
CLINIC, INC., *et al.*,               )
                                      )
    Plaintiffs,                       )
                                      )
v.                                    )   Case No. 1:20-cv-01630-JEB
                                      )
U.S. DEPARTMENT OF HEALTH             )
AND HUMAN SERVICES, *et al.*,         )
                                      )
    Defendants.                       )
_____)

## JOINT STATUS REPORT

The parties, having conferred, by and through undersigned counsel, respectfully submit this Joint Status Report pursuant to the Court's Minute Order dated February 16, 2021.

On May 11, 2021, Defendants provided Plaintiffs an update as to two recent developments regarding the subject matter of this litigation. Plaintiffs have reviewed the information provided by Defendants. The parties met and conferred again on May 13, 2021. The parties separately set forth their positions as to the appropriate course of action in these proceedings below.

**Defendants' Update on the Status of Administrative Proceedings:**

As previously addressed, new leadership began arriving at the U.S. Department of Health and Human Services ("HHS") and the U.S. Department of Justice on January 20, 2021 and have been reassessing the issues that this case presents. Defendants report that HHS's reassessment remains ongoing. Defendant Secretary Becerra[1] took office less than two months ago, on March 19, 2021, and HHS continues to await a permanent director of the HHS Office for Civil Rights.

---

[1] Xavier Becerra, Robinsue Frohboese, and Liz Richter, have been substituted for Alex M. Azar II, Roger Severino, and Seema Verma, respectively, as Defendants in this case pursuant to Rule 25(d) of the Federal Rules of Civil Procedure.

1

Nevertheless, Defendants report the following two substantive developments arising from their ongoing reassessment:

1. ***Determination that HHS Anticipates Initiating a Section 1557 Rulemaking Proceeding***

HHS has determined that it intends to initiate a rulemaking proceeding on Section 1557 of the Affordable Care Act. Section 1557 prohibits discrimination on the basis of race, color, national origin, sex, age, or disability in certain health programs or activities, and a final rule on Section 1557 is the subject of Plaintiffs' Administrative Procedure Act claims in this case. The anticipated rulemaking proceeding will provide for the reconsideration of many or all of the provisions of the current Section 1557 regulations that Plaintiffs challenge here. HHS anticipates issuing a Notice of Proposed Rulemaking as expeditiously as reasonably possible. An anticipated timeframe for issuing a Notice of Proposed Rulemaking must account for HHS's limited resources, including the heavy costs in terms of valuable time and effort expended on litigation that might otherwise be directed to the anticipated rulemaking.

2. ***May 10, 2021 Notice of Interpretation and Enforcement of Section 1557 of the Affordable Care Act and Title IX of the Education Amendments Act of 1972***

On May 10, 2021, HHS issued a notification to inform the public that, consistent with the Supreme Court's decision in *Bostock v. Clayton Cty.*, 140 S. Ct. 1731 (2020), and Title IX, HHS will interpret and enforce Section 1557's prohibition on discrimination on the basis of sex to include: (1) discrimination on the basis of sexual orientation; and (2) discrimination on the basis of gender identity. A copy of the notice is attached and it will be published in the Federal Register.

**Defendants' Position:**

In light of Defendants' ongoing reassessment of the challenged rule and the developments discussed above, Defendants request that the parties file a joint status report in 90 days. Defendants believe that filing a joint status report in 30 days is futile and prefer that the parties file another

joint status report in 90 days—a time period that the parties agreed to in the concurrently-filed joint status report in the D.C. Circuit. But Defendants have no objection to providing a joint status report updating the Court on the status of ongoing agency proceedings in 30 days if the Court so desires. The timing of joint status reports has no bearing on the timeframe for anticipated agency action.

In Defendants' view, this joint status report should simply inform the court about the status of administrative proceedings and the parties' proposals for further proceedings. After this Court ruled on Plaintiffs' motion for a preliminary injunction and after a change in presidential administrations, the parties jointly requested that this Court stay proceedings while HHS reassesses the issues that this case presents, ECF No. 70, and this Court granted the parties' motion. The Court should disregard Plaintiffs' argument regarding the propriety of the very stay that the parties jointly requested as beyond the scope of this filing and more appropriate for a memorandum in support of a motion to lift the stay.

**Plaintiffs' Position:**

Plaintiffs believe that an indefinite and/or prolonged stay of proceedings before this Court is inappropriate. Plaintiffs' agreement to extend the stay of Defendants' appeal of this Court's preliminary injunction at the Court of Appeals for 90 days turned on the continued efficacy of that injunction, protecting Plaintiffs and their members and patients for harm. The harms flowing from the remainder of the Revised Rule persist, and thus Plaintiffs do not agree that a comparable stay is appropriate here.

Plaintiffs are appreciative of steps the Defendants have taken during the past four months, including the May 10, 2021 announcement that HHS will interpret and enforce Section 1557's prohibition on discrimination on the basis of sex to include: (1) discrimination on the basis of

sexual orientation; and (2) discrimination on the basis of gender identity. However, the May 10, 2021 announcement addresses only *one* of the multiple aspects of the Revised Rule that Plaintiffs have challenged.

With the exception of some limited provisions pertaining to the Revised Rule's elimination of the definition of "on the basis of sex" and its incorporation of Title IX's religious exemption, the rest of the Revised Rule is in effect today. *See Walker v. Azar*, No. 20CV2834FBSMG, 2020 WL 6363970, at *4 (E.D.N.Y. Oct. 29, 2020) (clarifying that scope of court's preliminary injunction covers "the repeal of the 2016 Rule's definition of 'on the basis of sex,' 'gender identity,' and 'sex stereotyping' set forth in 45 C.F.R. § 92.4" and "the repeal of 45 C.F.R. § 92.206," which requires health providers to treat individuals consistent with their gender identity.); *Whitman-Walker Clinic v. U.S. Dep't of Health & Human Servs.*, 485 F. Supp. 3d 1, 64–65 (D.D.C. 2020) ("HHS will be preliminarily enjoined from enforcing the repeal of the 2016 Rule's definition of discrimination '[o]n the basis of sex' insofar as it includes "discrimination on the basis of ... sex stereotyping. . . . [and] from enforcing its incorporation of the religious exemption contained in Title IX.").

Defendants' Notice and announced intention to engage on rulemaking of an undetermined scope at a yet-to-be determined time do not address the remaining portions of the Revised Rule, which include, among other provisions, the Revised Rule's narrowing of entities covered, including many insurers; elimination of language access protections (including notice and tag line requirements); and elimination of nondiscrimination regulatory protections contained in unrelated HHS regulations. These provisions continue to harm Plaintiffs and countless others, including Plaintiffs' members and patients who are LGBTQ or have limited English proficiency (LEP).

For example, health insurers have argued that "current HHS regulations explicitly permit categorical exclusion of gender-affirming treatments." Mot. to Dismiss, *C.P. v. Blue Cross Blue Shield of Ill.*, No. 3:20-cv-06145-RJB (W.D. Wash. filed Feb. 25, 2021) (ECF No. 17). Plaintiffs set forth how the Final Rule's elimination of the prohibition on categorical exclusions for gender affirming care is arbitrary and capricious, and contrary to law. *See* Dkt. 66 at 22-25. In addition, the Final Rule's elimination of language access protections has harmed populations with LEP during the COVID-19 pandemic, including patients, members, and communities Plaintiffs serve, as these populations do not have meaningful access to COVID services (e.g., testing, vaccines, treatment, contact tracing) during the ongoing public health emergency. *See* Nat'l Health Law Program, Administrative Complaint regarding discriminatory provision of COVID-19 services to persons with limited English proficiency, Office of Civil Rights, U.S. Dep't of Health & Human Servs. (filed Apr. 30, 2021), available at https://healthlaw.org/wp-content/uploads/2021/04/OCR-LEP-Complaint-4-30-21-for-publication.pdf.

Plaintiffs' claims have not been rendered moot by Defendants' recent actions. To the contrary, Plaintiffs continue to suffer harms from the Revised Rule. Defendants' announcement that they intend to engage in rulemaking of an unspecified scope at an undetermined time in the future does not provide sufficient clarity as to whether or how it will affect Plaintiffs' claims or ameliorate Plaintiffs' ongoing harms, as well as those to the public and the public health. Defendants' announcement alone does not justify maintaining an indefinite nor a prolonged stay of proceedings in this case, particularly when numerous provisions of the Revised Rule remain in effect. The continuing harm to Plaintiffs, as well as their members and patients who are LGBTQ or have LEP, simply is too substantial.

Nonetheless, in appreciation of the government's announced intentions and in the spirit of cooperation, Plaintiffs met and conferred with Defendants on May 11 and 13, 2021. During the meet-and-confer, Plaintiffs suggested to Defendants a proposed course of action that would ameliorate at least some of the harms from the Revised Rule's provisions currently in effect while allowing time for Defendants to engage in rulemaking. Plaintiffs also inquired whether there are alternatives that would allow Defendants to engage in rulemaking while addressing the harms caused by the Revised Rule's provisions currently in effect. Defendants noted that they needed time to address these points.

Accordingly, and in light of the above, Plaintiffs agree that this case should remain stayed for the limited period of 30 days to permit Defendants to explore alternatives and provide details of their intended rulemaking. Plaintiffs respectfully request that the Court order the parties to provide a joint status report in 30 days.

Dated: May 14, 2021                    Respectfully submitted,

                                       BRIAN M. BOYNTON
                                       Acting Assistant Attorney General

                                       MICHELLE R. BENNETT
                                       Assistant Director, Federal Programs Branch

                                       */s/ Liam C. Holland*
                                       LIAM C. HOLLAND
                                       Trial Attorney
                                       United States Department of Justice
                                       Civil Division, Federal Programs Branch
                                       1100 L Street, N.W.
                                       Washington, D.C. 20530
                                       Tel.: (202) 514-4964
                                       Fax: (202) 616-8470
                                       Email: Liam.C.Holland@usdoj.gov

                                       *Attorneys for Defendants*

| | |
|---|---|
| LAMBDA LEGAL DEFENSE<br>AND EDUCATION FUND, INC. | STEPTOE & JOHNSON LLP |
| By:  /s/ *Omar Gonzalez-Pagan*<br>OMAR GONZALEZ-PAGAN*<br>*ogonzalez-pagan@lambdalegal.org*<br>LAMBDA LEGAL DEFENSE<br>AND EDUCATION FUND, INC.<br>120 Wall Street, 19th Floor<br>New York, NY 10005<br>Phone: (212) 809-8585<br>Fax: (212) 809-0055 | By:  /s/ *Laurie Edelstein*<br>LAURA (LAURIE) J. EDELSTEIN*<br>*ledelstein@steptoe.com*<br>STEPTOE & JOHNSON LLP<br>One Market Plaza<br>Spear Tower, Suite 3900<br>San Francisco, CA 94105<br>Phone: (415) 365-6700<br>Fax: (415) 365 6699 |
| KAREN LOEWY***<br>*kloewy@lambdalegal.org*<br>LAMBDA LEGAL DEFENSE<br>AND EDUCATION FUND, INC.<br>1776 K Street, N.W., 8th Floor<br>Washington, DC 20006-2304<br>Phone: (202) 804-6245 | MICHAEL VATIS<br>(D.C. Bar No. 422141)<br>*mvatis@steptoe.com*<br>KHRISTOPH A. BECKER*<br>*kbecker@steptoe.com*<br>STEPTOE & JOHNSON LLP<br>1114 Avenue of the Americas<br>New York, NY 10036<br>Phone: (212) 506-3900<br>Fax: (212) 506-3950 |
| CARL S. CHARLES*<br>*ccharles@lambdalegal.org*<br>LAMBDA LEGAL DEFENSE<br>AND EDUCATION FUND, INC.<br>730 Peachtree Street, N.E., Suite 640<br>Atlanta, GA 30308-1210<br>Phone: (404) 897-1880<br>Fax: (404) 897-1884 | JOHANNA DENNEHY<br>(D.C. Bar No. 1008090)<br>*jdennehy@steptoe.com*<br>LAURA LANE-STEELE**<br>*llanesteele@steptoe.com*<br>STEPTOE & JOHNSON LLP<br>1330 Connecticut Avenue NW<br>Washington, DC 20036<br>Phone: (202) 429-3000<br>Fax: (202) 429-3902 |
| * Admitted *pro hac vice.*<br><br>** *Application for admission to U.S. District Court for the District of Columbia forthcoming.*<br><br>*** Admitted *pro hac vice. DC Bar admission pending.* | |

*Attorneys for Plaintiffs*

7