# EXHIBIT 1

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| WHITMAN-WALKER | ) | |
| CLINIC, INC., *et al.*, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | Case No. 1:20-cv-01630-JEB |
| | ) | |
| U.S. DEPARTMENT OF HEALTH | ) | |
| AND HUMAN SERVICES, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

## DECLARATION OF ROBINSUE FROHBOESE

I,  Robinsue Frohboese, declare that the following statements are true and correct to the best of my knowledge and belief and are based on my personal knowledge, information contained in the records of the United States Department of Health and Human Services ("HHS" or "the Department"), and information supplied to me by current HHS employees.

1.      I am the Acting Director and Principal Deputy Director in the Office for Civil Rights ("OCR") at HHS.  I joined OCR in November 2000 as the Principal Deputy and have held a number of senior career leadership positions at OCR over the years, including serving as the Acting Director during the last four Administration transitions.

2.      As Acting Director, I am responsible for leading and overseeing all aspects of HHS OCR's programmatic and operational functions, including policy and enforcement for the federal laws we enforce.

3.      Within HHS, OCR has primary responsibility for the rulemaking process related to Section 1557 of the Patient Protection and Affordable Care Act ("Section 1557").  Within

OCR, I am responsible for leading OCR's administrative policy and enforcement under Section 1557.

4.      On May 18, 2016, under the President Obama Administration, HHS promulgated a final rule (81 Fed. Reg. 31,375 (May 18, 2016)) implementing Section 1557 ("2016 Rule").

5.      On June 19, 2020, under the President Trump Administration, HHS promulgated a final rule (85 Fed. Reg. 37,160 (June 19, 2020)), which comprehensively revised the 2016 Rule ("2020 Rule").

6.      The 2020 Rule made changes to the 2016 Rule, including the scope of the application of the rule, the manner in which OCR would address allegations of sex discrimination under Section 1557, and provisions governing requirements to notify individuals about their Section 1557 nondiscrimination rights, tagline requirements to inform limited English proficient ("LEP") individuals about the availability of language assistance services, and requirements that address meaningful access to health programs or activities covered by Section 1557 by LEP individuals.

7.      OCR has initiated a new rulemaking to revise HHS's regulations implementing Section 1557, which is reflected in the 2021 Spring Unified Agenda of Federal Regulatory and Deregulatory Actions with an anticipated Notice of Proposed Rulemaking ("NPRM") to be issued no later than April 2022.

8.      The agency's reconsideration of the 2020 Rule is consistent with and informed by Executive Order 13985 ("EO 13985") on Advancing Racial Equity and Support for Underserved Communities Through the Federal Government.  EO 13985 pronounces the Administration's policy "that the Federal Government should pursue a comprehensive approach to advancing equity for all, including people of color and others who have been historically underserved,

2

marginalized, and adversely affected by persistent poverty and inequality."  EO 13985 directed

all federal agencies to assess whether, and to what extent, their programs and policies perpetuate

systemic barriers to opportunities and benefits for people of color and other underserved groups.

Such assessments will better equip agencies to develop policies and programs that deliver

resources and benefits equitably to all."  This assessment entails policies, regulations, or

guidance documents to advance equity in agency actions and programs.

9.      The agency's reconsideration of the 2020 Rule is also consistent with and

informed by Executive Order 13988 ("EO 13988") on Preventing and Combating Discrimination

on the Basis of Gender Identity or Sexual Orientation.  EO 13988 pronounces the

Administration's policy "that all persons should receive equal treatment under the law, no matter

their gender identity or sexual orientation."  EO 13988 directed all federal agencies to, among

other things, review all regulations for consistency with the Supreme Court's reasoning in

*Bostock v. Clayton County, GA*, 140 S. Ct. 1731 (2020) and the policy articulated in the Order.  It

further directed agencies to consider whether to take agency actions, including revision or

promulgation of rules, to "fully implement statutes that prohibit sex discrimination and the policy

set forth" in the Order.

10.      On May 10, 2021, HHS issued a Notification of Interpretation and Enforcement

("Notice") (86 Fed. Reg. 27,984 (May 25, 2021)) informing the public that, consistent with the

Supreme Court's decision in *Bostock* and Title IX of the Education Amendments of 1972,

that beginning May 10, 2021, the Department would interpret and enforce Section

1557's prohibition on discrimination on the basis of sex to include discrimination on the basis of

sexual orientation and  gender identity.

11.     OCR takes the allegations made by litigants challenging the 2020 Rule seriously, as it does with any allegation that the civil rights laws it is entrusted to enforce are being violated.

12.     OCR is committed to the Administration's policy "that the Federal Government should pursue a comprehensive approach to advancing equity for all, including people of color and others who have been historically underserved, marginalized, and adversely affected by persistent poverty and inequality."  OCR's reconsideration of the 2020 Rule is based on the substantial and legitimate need to ensure the 2020 Rule's provisions adequately advance the Administration's policy as articulated in EO 13985.

13.     OCR is committed to the Administration's position that, as articulated in EO 13988, "people should be able to access healthcare…without being subjected to sex discrimination," including discrimination against individuals because of their sexual orientation or gender identity.  EO 13988.  OCR's reconsideration of the 2020 Rule is based on the substantial and legitimate need to ensure that the 2020 Rule's provisions adequately advance the Administration's policy as articulated in EO 13988 that "people should be able to access healthcare…without being subjected to sex discrimination," including discrimination against individuals because of their sexual orientation or gender identity.

14.     This litigation, as well as other litigation challenging the 2020 Rule, has diverted HHS's resources in focusing on rulemaking.

I declare under penalty of perjury that the foregoing is true and correct, based on my

personal knowledge and information provided to me by employees at HHS.


Robinsue Frohboese, J.D., Ph.D.
Acting Director and Principal Deputy
Office for Civil Rights
U.S. Department of Health and Human Services

Dated: August 13, 2021