**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

_____
                                                    )
WHITMAN-WALKER                                       )
CLINIC, INC., *et al.*,                              )
                                                    )
          Plaintiffs,                               )
                                                    )
v.                                                  )          Case No. 1:20-cv-01630-JEB
                                                    )
U.S. DEPARTMENT OF HEALTH                            )
AND HUMAN SERVICES, *et al.*,                        )
                                                    )
          Defendants.                               )
_____)

## JOINT STATUS REPORT

The parties, by and through undersigned counsel, respectfully submit this Joint Status Report pursuant to the Court's Order dated April 1, 2022.  As reported in the last joint status report, the United States Department of Health and Human Services ("HHS") has submitted a draft of a proposed rule implementing Section 1557 of the Affordable Care Act to the Office of Management and Budget Office of Information and Regulatory Affairs ("OIRA").  OIRA received the draft proposed rule on March 22, 2022.  The status of the proposed rule is available at the following website: https://www.reginfo.gov/public/do/eoDetails?rrid=234566.

**Plaintiffs' Statement**

In February 2021, this Court first entered a stay of the proceedings "to allow the new administration to determine its course of action."  ECF No. 78 at 2; Minute Order Granting Mot. to Stay (Feb. 16, 2021).  On September 3, 2021, the Court denied Plaintiffs' motion to lift the stay based in large part on Defendants' stated intention "to issue a Notice of Proposed Rulemaking in early 2022" and "no later than April 2022."  ECF No. 78 at 2 (9/3/21 Mem. Op. & Order); ECF

1

No. 75 at 19 (8/13/21 Opp. to Motion to Lift Stay); ECF No. 75-1 ¶ 7 (Declaration of Acting Director and Principal Deputy Director in the HHS Office of Civil Rights in support of Defendants' opposition to lifting the stay).  Following that ruling, Defendants twice advised the Court and Plaintiffs that they anticipated issuing an NPRM "no later than April 2022."  ECF No. 79 at 1 (11/3/21 Joint Status Report); ECF No. 81 at 1 (1/31/22 Joint Status Report).

April 2022 has come and gone, and no Notice of Proposed Rulemaking ("NPRM") has been issued.  Although Defendants have reported to the Court that a draft proposed rule was sent to the Office of Management and Budget's Office of Information and Regulatory Affairs ("OIRA") in late March, ECF No. 82, Defendants have provided no additional information about the timing of OIRA review, over which Defendants have significant control, or the content of the draft.

Defendants also represented in January 2022 that "the United States Department of Health and Human Services ("HHS") ha[d] issued a proposed rule that would amend several provisions challenged by Plaintiffs in this case" and "revert several regulatory provisions addressing nondiscrimination back to the regulatory language in place before 2020."  ECF No. 81 at 1. However, HHS finalized that rule in April 2022 without making the changes to which Defendants alluded in the January 2022 Joint Status Report.  *See* U.S. Dep't of Health & Human Services, *Final Rule: Patient Protection & Affordable Care Act; HHS Notice of Benefit and Payment Parameters for 2023* at 7, RIN 0938-AU65 (Apr. 28, 2022), https://tinyurl.com/28ay8h64; *see also* Katie Keith, *Final 2023 Payment Rule, Part 1: Essential Health Benefits And Other Market Reforms*, Health Affairs (Apr. 29, 2022), https://tinyurl.com/4c5m6epk.

Plaintiffs appreciate the need of a new administration to have an opportunity to build its staff and formulate its policy.  Likewise, Plaintiffs appreciate some of the Biden Administration's actions to date to protect LGBTQ people.  However, the need of a new administration to have an

opportunity to build its staff and formulate its policy cannot justify a perpetual stay.  Nor should speculation about proposed changes to administrative rules justify perpetual stays of litigation under the Administrative Procedure Act; otherwise, any administration can just say it is looking at a challenged rule and deny plaintiffs the ability to have their APA challenges adjudicated.  *See* Mem. & Order on Mot. to Remand, *Bos. All. of Gay, Lesbian, Bisexual & Transgender Youth v. U.S. Dep't of Health & Hum. Servs.*, No. CV 20-11297-PBS (D. Mass. Oct. 29, 2021) (ECF No. 83), at 2-3 (noting that Defendants "cannot guarantee anything other than that the new final rule '*may* resolve or moot *some* or all of the claims that remain subject to review in this litigation'" and granting stay "until the end of April 2022") (emphasis in original).[1]

Finally, Plaintiffs reiterate that leaving the former administration's 2020 Revised Rule in place continues to inflict harms on LGBTQ people and people with limited English proficiency who require nondiscriminatory health care.

Accordingly, Plaintiffs respectfully request that the Court terminate the stay on July 31, 2022 if no NPRM has been issued as of that date.  If HHS does submit an NPRM by July 31, 2022, Plaintiffs respectfully request that the Court order the parties to address next steps for the case in the next status report due on July 31, 2022 and also respectfully request that the Court schedule a status conference for August 2022.[2]

---

[1] A status conference is scheduled for June 2, 2022 in the *Boston Alliance for Gay, Lesbian, Bisexual and Transgender Youth* matter.  *See* Electronic Notice of Status Hearing, *Bos. All. of Gay, Lesbian, Bisexual & Transgender Youth v. U.S. Dep't of Health & Hum. Servs.*, No. CV 20-11297-PBS (D. Mass. May 25, 2022) (ECF No. 91).

[2] Defendants complain that they did not receive Plaintiffs' section of the status report until 3:55pm ET.  That is because Defendants did not provide an update as to the status of the rulemaking, as devoid of information as it is, until 12:41pm ET on May 31, 2022.  Defendants further complain that Plaintiffs have submitted a memorandum of law.  Not so.  Plaintiffs cite one case that is similar case to the instant case and for the same proposition that Plaintiffs have cited it in the last three status reports.  Plaintiffs merely submit for the Court factual information Defendants have not, such as HHS's abandonment of regulatory changes Defendants touted in the January 31, 2022

**Defendants' Statement**

This joint status report is not the proper vehicle for submitting what is essentially a memorandum of law in support of a motion to lift the current stay of proceedings. Plaintiffs submit pages of argument in support of a request to lift the stay on July 31, 2022, but have not filed a motion requesting that relief. *See* Fed. R. Civ. P. 7(b). More importantly, Plaintiffs did not provide Defendants with their argument until 3:55 P.M. today, the day this status report is due. Plaintiffs also did not meet and confer with Defendants about the relief requested. The policy behind the Federal Rules of Civil Procedure preclude Plaintiffs from using a joint status report to try to force Defendants to raise hurried and premature argument and to forgo valid defenses against any motion to lift the stay. Accordingly, Defendants respectfully request that the Court forgo consideration of Plaintiffs' arguments above regarding the propriety of lifting the stay on July 31, 2022, without requiring Plaintiffs to file a motion in compliance with the federal and local rules and without giving Defendants a full and fair opportunity to respond by way of an opposition to any such motion.

Dated:  May 31, 2022                    Respectfully submitted,

                                        BRIAN M. BOYNTON
                                        Principal Deputy Assistant Attorney General

                                        MICHELLE R. BENNETT
                                        Assistant Director, Federal Programs Branch

                                        */s/ Liam C. Holland*
                                        LIAM C. HOLLAND
                                        Trial Attorney
                                        United States Department of Justice
                                        Civil Division, Federal Programs Branch

status report and Defendants' failure to meet the deadline they set before this Court. As has been their position throughout, Plaintiffs have never consented to an indefinite stay and now request only a future termination of the stay *three months after* the date Defendants represented that the NPRM would be issued.

1100 L Street, N.W.
Washington, D.C. 20530
Tel.: (202) 514-4964
Fax: (202) 616-8470
Email: Liam.C.Holland@usdoj.gov

*Attorneys for Defendants*

LAMBDA LEGAL DEFENSE
AND EDUCATION FUND, INC.

By:    /s/ *Omar Gonzalez-Pagan*
OMAR GONZALEZ-PAGAN*
*ogonzalez-pagan@lambdalegal.org*
LAMBDA LEGAL DEFENSE
AND EDUCATION FUND, INC.
120 Wall Street, 19th Floor
New York, NY  10005
Phone: (212) 809-8585
Fax:    (212) 809-0055

KAREN LOEWY
(D.C. Bar No. 1722185)
*kloewy@lambdalegal.org*
LAMBDA LEGAL DEFENSE
AND EDUCATION FUND, INC.
1776 K Street, N.W., 8th Floor
Washington, DC  20006-2304
Phone: (202) 804-6245

CARL S. CHARLES*
*ccharles@lambdalegal.org*
LAMBDA LEGAL DEFENSE
AND EDUCATION FUND, INC.
1 West Court Square, Suite 105
Decatur, GA  30330
Phone: (404) 897-1880
Fax:    (404) 506-9320

* Admitted *pro hac vice.*

JENNER & BLOCK LLP

By:    /s/ *Laurie Edelstein*
LAURA (LAURIE) J. EDELSTEIN*
*LEdelstein@jenner.com*
JENNER & BLOCK LLP
455 Market Street, Suite 2100
San Francisco, CA  94105
Phone: (628) 267-6800
Fax:    (628) 267-6859

STEPTOE & JOHNSON LLP

By:    /s/ *Johanna Dennehy*
JOHANNA DENNEHY
(D.C. Bar No. 1008090)
*jdennehy@steptoe.com*

STEPTOE & JOHNSON LLP
1330 Connecticut Avenue NW
Washington, DC  20036
Phone: (202) 429-3000
Fax:    (202) 429-3902

MICHAEL VATIS
(D.C. Bar No. 422141)
*mvatis@steptoe.com*
STEPTOE & JOHNSON LLP
1114 Avenue of the Americas
New York, NY  10036
Phone: (212) 506-3900
Fax:    (212) 506-3950

*Attorneys for Plaintiffs*